The People of the State of New York, Respondent, v Colin Buggenhagen, Appellant.

Fourth Department, May 27, 1977

*Doyle, Diebold, Bermingham, Gorman & Brown (Vincent E. Doyle, Jr.,* and *Mark J. Mahoney* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (Judith Blake Manzella* of counsel), for respondent.

SIMONS, J. Defendant has been convicted of criminally negligent homicide and leaving the scene of an accident. The charges arise out of an unwitnessed accident in which a teenage bicyclist was struck and killed by an automobile. The accident occurred on a rural road in the Town of Hamburg, New York, at approximately 11:30 P.M. on October 13, 1974. Shortly before the accident a resident near the scene heard a car drive by her house at what sounded like a high rate of speed. Other, closer neighbors, heard the impact of car and bicycle, went to the scene of the accident and discovered the boy's body and his damaged bicycle.

When the Hamburg police investigated the accident that night, they found broken pieces of yellow glass and a piece of chrome molding on the highway near the bicycle. The next morning the police made inquiries of automobile parts dealers in the area. They were told by one of the dealers that shortly before the officers had arrived the dealer had sold similar replacement parts for a 1972 Chevrolet El Camino to a man

from Bob's Auto Repair Shop located in the adjoining Town of Boston. The officers went to Bob's Auto Repair Shop and learned that defendant's El Camino car had been brought to the garage earlier that morning and was being repaired. When the officers inspected the vehicle they observed damage to its right side which included a smashed headlight and parking light. A piece of chrome from the molding around the front headlight was also broken off and missing. The police compared the broken piece of chrome molding found at the accident scene with the broken molding remaining on the car and determined that the two pieces matched. They then seized the car and had it towed to the Town of Hamburg police garage where laboratory tests were made to confirm the match of the two pieces of chrome. This evidence was introduced at the trial.

Of the several issues raised by defendant on this appeal, two require comment: the legal justification for the seizure of defendant's automobile and the territorial jurisdiction of town police officers to make a warrantless seizure of the automobile in an adjoining town. For the reasons stated below, the judgment of conviction should be affirmed.

We are concerned here with a seizure. There is no serious issue that the police conduct in examining defendant's automobile before towing it away violated constitutional search and seizure standards, for their examination invaded no right to privacy of defendant protected by the Constitution. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection" (Katz v United States, 389 US 347, 351). The fact that the police observations of the vehicle were made upon the business premises of a private garage is of no consequence. The premises were open to the public and defendant had no protected interest in the garage property. In this respect the case does not differ from the examination of a vehicle in a public parking lot which was considered in Cardwell v Lewis (417 US 583; see, also, People v Brosnan, 32 NY2d 254, 260).

We consider, then the police seizure of the vehicle.

Because of an automobile's mobility, it is frequently difficult or impractical to secure a warrant before the vehicle may be moved out of the jurisdiction and the circumstances justifying a warrantless search or seizure of an automobile may be far less than those justifying the warrantless search of structures. If the police possess probable cause to believe the vehicle is

the instrumentality of a crime and exigent circumstances exist, they may seize the automobile without a warrant *(Chambers v Maroney,* 399 US 42; *Carroll v United States,* 267 US 132; *People v Brosnan, supra; People v Brown,* 28 NY2d 282; and see, *People v Singleteary,* 35 NY2d 528, 531-533 [in which the court questioned the need for exigency to justify the warrantless search]).

Those conditions were met in this case. Defendant's car was seized by the police after visually matching the chrome strip on the car with the broken piece found at the scene of the accident. That match plus the other corroborative damage to the parking lights provided the necessary quantum of evidence to give the officers probable cause for the seizure. Exigent circumstances may be found from the facts that the discovery of the car was made less than 12 hours after the crime, at a time when the car was in the process of repair and while its owner who had fled the scene of the crime was still at large. These facts, plus the mobility of the automobile, provided the exigent circumstances which justified seizure of the vehicle without first obtaining a warrant *(Cardwell v Lewis, supra; Chambers v Maroney, supra;* and see *People v Jones,* 56 AD2d 142).

Defendant contends that the seizure was illegal under the holding of *Coolidge v New Hampshire* (403 US 443). In the *Coolidge* case, however, the automobile was seized while parked in the driveway of defendant's home. The seizure occurred several months after the police learned of defendant's involvement in the crime and it occurred when defendant was in custody. The facts are clearly distinguishable from the circumstances in the present case.

Nor was some lesser step required of the police, such as posting a guard as defendant urges, until a warrant could be obtained from a magistrate. There is little to choose between the warrantless seizure of a vehicle and its immobilization until a warrant is obtained. The police conduct must satisfy constitutional standards in either case and the two actions are equally obnoxious if not justified *(Chambers v Maroney, supra,* p 52; see, also, *Cardwell v Lewis, supra,* pp 594-595; *People v Brosnan, supra; People v Singleteary, supra).*

Defendant also contends that the seizure of his automobile by the Hamburg police in the Town of Boston was illegal, contending that police officers may not act outside the boundaries of their jurisdiction unless there is statutory authoriza-

tion for them to do so. He points to statutes authorizing warrantless arrests and the execution of warrants outside of an officer's jurisdiction but notes that there is no similar statute authorizing a warrantless seizure. But a warrantless seizure has no basis in statutory authority in any event, whether it is within or without the jurisdiction of the police. The search is lawful or unlawful when judged by court decisions which hold that under certain circumstances seizure of an automobile without a warrant may be reasonable under the Fourth Amendment. Since a permissible seizure within the officer's jurisdiction has no statutory basis, it is hardly reasonable to require a statutory basis when an otherwise permissible seizure is conducted outside the territorial jurisdiction of the police officer.

The point can best be illustrated by an analogy. Under CPL 140.10 (subd 3), a police officer may make a warrantless arrest anywhere in the State, regardless of the situs of the commission of the crime or the geographical area of the public officer's employment. A warrantless search and seizure conducted incident to such a warrantless arrest, if otherwise lawful, is permissible without statutory authority for the search. If a police officer may make a warrantless seizure outside his jurisdiction under the constitutional exception permitting incidental searches and seizures, then surely when investigating a crime committed in his town he may make a warrantless seizure in an adjoining town under the constitutional exception for automobile searches and seizures. The important factor is not whether the search or seizure is authorized by statute, but whether the activity of the police officer outside his jurisdiction is lawful.

In this case, the Hamburg police were conducting an investigation in the Town of Boston of a crime committed within their jurisdiction. Since the seizure of defendant's automobile during that investigation conformed with constitutional standards, it was valid even in the absence of statutory authorization, and the trial court properly denied the motion to suppress the evidence.

The judgment should be affirmed.

MARSH, P. J., MOULE, DILLON and WITMER, JJ., concur.

Judgment unanimously affirmed.