*351 OPINION OF THE COURT
Antonio I. Brandveen, J.
The defendant is charged with criminal sale of marihuana in the fourth degree (Penal Law § 221.40), criminal possession of marihuana in the fifth degree (Penal Law § 221.10) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). He moved to suppress certain physical evidence as unlawfully seized from him.
This pretrial motion was referred to a judicial hearing officer by this court for an evidentiary hearing and a report of findings of fact and conclusions of law. The defendant opposed any reference to a judicial hearing officer upon the ground that such a process violated the United States and New York State Constitutions. The defense counsel asserted his client was entitled, under the law, to have his suppression motion heard before a duly selected Judge of the Unified Court System. The attorney also argued the court could not render a determination where the hearing was held before someone else since the court was in no position to observe the witnesses. The prosecutor contended the enabling legislation with regard to this process was constitutional.
On May 22, 1986, a Mapp hearing was held before the Honorable Louis Cioffi, a duly appointed judicial hearing officer. Only one witness, the arresting police officer, testified at that proceeding.
This court is persuaded, as a matter of law, that the applicable State statutes regarding the position of judicial hearing officer are constitutional. The defendant’s rights are not violated. Both the Federal and State Constitutions permit this State’s Legislature to adopt laws for the judicial process. Moreover, these statutes, which are tightly woven pieces of legislation, cannot be declared unconstitutional without a substantial showing. There is a strong presumption that the statutes are valid. That presumption is breached where the proponent can demonstrate otherwise. Here, the defendant has not met that burden. These statutes do not abrogate his due process protections.
Laws of 1983 (ch 840) amended the Judiciary Law, the Civil Practice Law and Rules, the Criminal Procedure Law and the Retirement and Social Security Law to permit former Judges and Justices of the Unified Court System to serve as judicial hearing officers. The Chief Administrator of the Courts is charged with the responsibility of promulgating rules, in *352 consultation with the Administrative Board to implement this program. This statutory provision incorporates the recommendations of the Committee to Utilize the Services of Retired Judges, a 20-member body appointed by the Chief Judge of the Court of Appeals and chaired by the former Mayor of the City of New York, John V. Lindsay. In approving the legislation, Governor Mario M. Cuomo stated on August 4, 1983 that the judicial hearing officers would be empowered to serve as Referee in civil matters, including matrimonial actions, to hear and report on pretrial motions in criminal matters, and, with the parties’ consent, to try issues of fact and render a verdict in nonjury trials of informations involving less than a class A misdemeanor. This State’s executive officer felt these judicial hearing officers would provide valuable resources to assist in eliminating court congestion and trial delay. The new law would also open new avenues of service for retired Judges who do not wish to continue in full-time service under the existing certification procedures, and will provide a wealth of talent and experience to streamline the judicial process and assist in developing a more effective court system.
A reference to a judicial hearing officer to hear and determine is proper, even in the absence of consent of all parties, in a pretrial motion setting (see, Glass v Thompson, 51 AD2d 69 [1976]). The constitutionality of this law may be sustained by comparing judicial hearing officers in the Criminal Court of the City of New York to Referees in the Supreme Court of the State of New York as the only court officers, aside from Judges, who exercise the judicial function. Under CPL 255.20 the judicial hearing officer has the same powers as a Judge of the court making the assignment, except the judicial hearing officer cannot determine the motion, but instead file a report with the court setting forth findings of fact and conclusions of law. The rules of evidence, at any hearing, are applicable. A transcript of any testimony taken, together with the exhibits, should be filed with the report. The court must then determine the motion on the motion papers, affidavits and other documents submitted by the parties together with the hearing record and the judicial hearing officer’s report.
A statute creating the position of judicial hearing officer does not violate any provisions in the New York State Constitution (see, Carson v Thompson, 51 AD2d 692 [1976]). The State Legislature may, by statute, provide for references by Judges to judicial hearing officers in certain cases.
The next critical question is whether the arresting officer *353 could apprehend the defendant where the basis of the arrest is a radio transmission from an undercover member of the police force.
The defendant was arrested on June 17, 1985, at 6:55 p.m., as a result of an undercover buy and bust operation of the Street Environment Unit of the New York City Police Department’s Narcotics Division. The undisclosed undercover police officer went to the area of St. James Park near Crestón Avenue and 192 Street in Bronx County. While the assisting policemen, acting as field investigators, responded to that location to arrest any individual invólved in a drug transaction.
The undercover officer, who was inside the park, radioed to his backup team that he had made a marihuana buy. He described the seller as a Hispanic male, approximately 24 years old, five foot nine inches tall, weighing about 145 pounds, wearing a gray T-shirt, blue jeans and white sneakers.
The witness, the arresting officer who was a block away on Crestón Avenue and 192 Street with his partner, Police Officer David Galanpena, responded to that radio transmission. He testified he saw the defendant wearing a gray T-shirt, blue jeans and white sneakers, leaving the park by a flight of stairs. This observation was made, in sunlight, about five minutes after the radio communication. The officer testified he saw other people in the park, but only the defendant fit the description of the alleged drug seller. The witness also testified he did not see the drug transaction nor the undercover officer when he apprehended the defendant. On cross-examination, he characterized this park area as a drug-prone location. He further admitted the arrest was based upon the radio description he personally received five minutes before the apprehension.
At the time of his arrest, the defendant was searched. The witness recovered a clear plastic bag containing a quantity of marihuana and cocaine from the right front waistband of his underpants. The officer also seized $5 of prerecorded buy money and some other money from his right-hand pants pocket. That property subsequently was vouchered by the arresting officer.
The defendant contends the police did not possess probable cause to arrest him since he was merely leaving a park despite its drug-prone nature. The accused alleges the police did not conduct an inquiry of his actions, but they instead *354 immediately arrested him based solely upon a radio description.
The prosecution argues the arresting officer’s credibility was never challenged. The People contend the defendant’s description was given specifically to the arresting officer. The prosecution asserts the search was made incident to a lawful arrest.
United States Constitution 4th Amendment and NY Constitution, article I, § 12 ban unreasonable searches and seizures. This safeguard is aimed at the protection of the privacy of people, not places. However, a warrantless search incident to a lawful arrest is permissible to protect the arresting officer, to prevent the arrestee’s escape and to stop the destruction of evidence of a crime.
Under CPL 140.10 (1) (b), a police officer may arrest a person for "[a] crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise.” Also, the police officer may conduct a warrantless search and seizure as an incident to the warrant-less arrest, if otherwise lawful, without statutory authority for the search (People v Buggenhagen, 57 AD2d 466 [1977]). In determining if a police officer has sufficient probable cause to make a warrantless arrest, several factors may be considered: the officer’s experience, training and expertise; his intelligence and his street knowledge; the circumstances of the time and place — the area, its population and the time of day of the events (People v Cameron, 73 Misc 2d 790 [1973]). In addition, an arrest is lawful when it is based on probable cause — facts and circumstances such as to warrant a man of prudence and caution in believing that a crime has been or is being committed. Further, an arrest by a police officer made at the direction of a brother officer will be upheld as proper if the information possessed by the directing officer constitutes probable cause, and the evidence produced in a search incident to the arrest is admissible at trial (People v Carter, 100 Misc 2d 674 [1979]). A radio transmission, standing alone, does not give probable cause to make an arrest or validate a search incident to that arrest. The police officer receiving the radio bulletin may rely on it to make an apprehension. But, if the information in the transmission is invalid then the arrest is illegal (Whiteley v Warden, 401 US 560, 564 [1971]). As a matter of law, an inference of probable cause to make a narcotics arrest arises when a trained and experienced police officer observes the delivery of one or more glassine envelopes in an area notorious for narcotics activity, and it then be *355 comes a question for those courts with fact-finding power to find whether, as a question of fact, probable cause existed (People v McRay, 51 NY2d 594 [1980]).
In 1964, the New York State Combined Council of Law Enforcement Officers issued a policy statement, to act as a guide to the police. A combination of factors should merit the sound, objective responses of a properly alert law enforcement officer, including: (a) the demeanor of the suspect; (b) the gait and manner of the suspect; (c) any knowledge the officer may have of the suspect’s background or character; (d) whether the suspect is carrying anything, and what he is carrying; (e) the manner in which the suspect is dressed, including bulges in clothing — when considered in light of other factors; (f) the time of day or night the suspect is observed; (g) any overheard conversation of the suspect; (h) the particular streets and area involved; (i) any information received from third persons whether they are known or unknown; (j) whether the suspect is consorting with others whose conduct is "reasonably suspect”; and (k) the suspect’s proximity to known criminal conduct. The listing is not all inclusive (President’s Commission on Law Enforcement and Administration of Justice, Task Force Report on Police, at 181 [Govt Printing Office 1967]).
In dealing with probable cause "as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act” (Brinegar v United States, 338 US 160, 175 [1949]). Probable cause exists when "facts and circumstances within their [arresting officer’s] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that” an offense has been or is being committed (Carroll v United States, 267 US 132, 162 [1925]).
The undercover officer had probable cause to arrest the defendant. He transmitted a radio run with a specific description of the suspect. The arresting officer saw the defendant, who fit this picture of the perpetrator. A subsequent search incident to this lawful arrest disclosed drugs and the prerecorded buy money.
This court is persuaded beyond a reasonable doubt the defendant was arrested by the police acting on probable cause. The search and seizure of property was made as incident to a lawful arrest.
*356 This decision shall constitute the order and judgment of the court.
Accordingly, the judicial hearing officer’s findings are confirmed. The motion to suppress the property seized is denied in all respects. The matter should be set down for a trial.