■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LaROCCO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 27, 1987, convicting him of sodomy in the first degree (four counts) and sexual abuse in the first degree (six counts), upon a jury verdict, under indictment No. 4182/86, and imposing sentence, and an amended judgment of the same court, also rendered August 27, 1987, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his prior conviction of sexual abuse in the first degree under indictment No. 2163/85.

Ordered that the judgment and amended judgment are affirmed.

We find no merit to the defendant's contention that the People failed to prove beyond a reasonable doubt the element of forcible compulsion necessary to sustain the convictions for sodomy in the first degree and sexual abuse in the first degree as charged in indictment No. 4182/86 *(see,* Penal Law § 130.00 [8]; § 130.50 [1]; § 130.65 [1]). The complainant's testimony indicates that while assisting with her disabled vehicle the defendant drove the vehicle to a dark and deserted area under an underpass of the Grand Central Parkway near Shea Stadium. The complainant became very afraid, got out of the car and told the defendant she wanted to drive. At that point, the defendant grabbed the complainant by both arms, pushed her against the car and struggled with her until she fell on the ground with the defendant on top of her. The complainant testified that she became "petrified" and pleaded with the defendant to let her go. The defendant then told the complainant "If you don't put up a fight, I won't force you". The defendant then engaged in various sexual acts with the complainant. From these facts, the jury could reasonably infer

that the threat of harm implicit in the defendant's behavior placed the complainant in fear of suffering a physical injury if she did not comply with his demands *(see, People v Thompson,* 72 NY2d 410, 413; *People v Bleakley,* 69 NY2d 490, 495). "The proper focus is on the state of mind produced in the victim by the defendant's conduct" *(People v Thompson, supra,* at 416). The complainant testified that she had not consented to the defendant's acts but submitted because of her fear. Accordingly, the People have met their burden of proof *(see, People v Coleman,* 42 NY2d 500; *People v Gonzalez,* 136 AD2d 735). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.