■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DI GIOIA, Appellant.—Kane, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 21, 1989, upon a verdict convicting defendant of three counts of the crime of sodomy in the first degree.

Defendant appeals from a judgment convicting him of three counts of first degree sodomy, all stemming from a series of events occurring on December 19, 1987 and involving a 17-year-old female attending a high school dance in the Town of Kinderhook, Columbia County. According to her trial testimony, the victim was unable to arrange a ride from the dance that night and attempted to walk the approximately 20 miles to her home. At about midnight, defendant drove by the victim in his vehicle and stopped ahead of her, getting out of his vehicle and asking the victim if he could take her to her destination. The victim at first refused; however, after further attempts by defendant, she entered the vehicle. Although she gave defendant directions to her house, he refused to take her home. Defendant then asked the victim if she performed oral sex and, when she said no, defendant replied "[w]ell, you have a problem". Defendant eventually stopped his vehicle off a back road in the Town of Schodack, Rensselaer County. The victim testified that during this time she was scared, crying and repeatedly asked to be taken home. Defendant then ordered the victim out of the car, took her purse and said, "Don't move. Stay there or you are going to be in trouble." The victim testified that defendant then grabbed her by the

shoulders and she screamed. Defendant told her to get in the car and the victim did so; he told her to take off her coat and bra and, after hesitating, she complied. The victim stated that defendant then fondled her breasts and pulled her by the neck, stating, "Either you are going to give me head, or you are going to walk home with no clothes on." When she refused, defendant pulled her over, put his penis in her mouth and ejaculated. This occurred two more times. Defendant then drove the victim to a store a few miles from her home and let her out at approximately 3:10 A.M. After his trial, defendant was found guilty as charged and sentenced to concurrent terms of 5 to 15 years' imprisonment. This appeal followed.

We affirm. Defendant initially argues that the evidence presented at trial provided insufficient proof of forcible compulsion to establish first degree sodomy. First degree sodomy, as relevant herein, occurs when someone "engages in deviate sexual intercourse with another person * * * [b]y forcible compulsion" (Penal Law § 130.50 [1]). Forcible compulsion means, *inter alia,* to compel by "a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person" (Penal Law § 130.00 [8] [b]). "[T]he inquiry required in determining whether threats amount to forcible compulsion is not what the defendant would or could have done, 'but rather what the victim, observing [the defendant's] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands' " *(People v Thompson,* 72 NY2d 410, 415-416, quoting *People v Coleman,* 42 NY2d 500, 502). As the Court of Appeals has articulated, "[t]he proper focus is on the state of mind produced in the victim by the defendant's conduct, because the *sine qua non* for criminal liability for sex offenses under our Penal Law is lack of consent, resulting from either forcible compulsion or incapacity to consent" *(supra,* at 416).

Defendant contends that the factual circumstances surrounding the events in question and the victim's testimony did not establish any express or implied threat of immediate death or physical injury. The victim, however, did testify that when she and defendant arrived at the site of the incident, defendant asked her if she performed oral sex and, when the victim said "no", defendant replied "well, you have a problem". The victim testified that defendant came over to her side of the vehicle, told her to get out and took her purse, saying "Don't move. Stay there or you are going to be in trouble." The victim testified that at one point she screamed and that she was afraid because "I didn't know what was

going to happen to me. I didn't know if I was going to live to the next day." Implied threats of physical injury may be inferred from the victim's version of defendant's conduct and the surrounding circumstances *(see, People v Pereau,* 64 NY2d 1055, 1057; *People v Rugg,* 141 AD2d 925, 927, *lv denied* 72 NY2d 924). In our view, defendant's ominous statements about "trouble" and his threat to make her walk home naked if the victim failed to comply with his demands, together with the fact that the victim was taken in a car at night on back roads to an isolated area, was sufficient to establish the requisite threat of immediate death or physical injury.

We also reject defendant's contention that the proof presented at trial varied from the indictment to the extent that defendant was deprived of a fair trial. In our view, the threatening nature of an oral threat may be implicit or explicit *(see,* Penal Law § 130.00 [8] [b]), and the indictment at issue here sufficiently puts defendant on notice that implied threats would also be proven at trial such that "the crime for which the defendant [was] brought to trial [was] in fact one for which he was indicted by the Grand Jury" *(People v Iannone,* 45 NY2d 589, 594; *see, People v Charles,* 61 NY2d 321, 327). We also note that, although only one count in the indictment specifically referred to defendant's oral threats, all three counts dealt with the same set of circumstances so that County Court's construction of the indictment in no way altered the theory of the prosecution or prejudiced defendant.

We have examined defendant's remaining arguments, including claimed error in County Court's *Sandoval* ruling and alleged improprieties in the prosecution's summation, and find them either meritless or unpreserved for our review. Accordingly, the judgment is affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.