■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAE T. KELLAR, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered June 21, 1990, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree and rape in the third degree.

Defendant was indicted in June 1989 for rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, rape in the third degree and sodomy in the third degree. The charges contained in the indictment stemmed from a May 29, 1989 incident in which the victim was attacked in a wooded area in the Town of East Greenbush, Rensselaer County. Following a trial, the jury found defendant guilty of all but the sodomy charges. County Court then sentenced defendant to consecutive prison terms of 8⅓ to 25 years for the first degree rape conviction and 2⅓ to 7 years for the first degree sexual abuse conviction, and a concurrent prison term of 1⅓ to 4 years for the third degree rape conviction. This appeal followed.*

We turn first to defendant's contention that County Court should have dismissed the sexual abuse count because there was no evidence of forcible compulsion adduced during the People's case. Viewing the record in a light most favorable to the People (People v Thompson, 72 NY2d 410, 413), there is a valid line of reasoning and permissible inferences which could lead a rational person to the jury's conclusion that the element of forcible compulsion was established (see, supra). The victim's description of being grabbed and pushed to the ground and of defendant's threat "that he would kill [her] with his bare hands" if she screamed again, the evidence of bruise marks on her arms, and the discrepancy in age and

---

* Defendant has withdrawn the argument asserted in his brief that County Court erred in admitting evidence of sperm found in the victim's body without a proper foundation.

strength between defendant and the victim cumulatively could be found to have established the element of forcible compulsion *(see,* Penal Law § 130.00 [8]; *People v Pace,* 145 AD2d 834, 835, *lv denied* 73 NY2d 894; *see also, People v Thompson, supra,* at 415-416; *People v Di Gioia,* 168 AD2d 865). We likewise reject the claim that County Court committed reversible error in excluding evidence of the victim's prior sexual history. Contrary to defendant's assertion, the victim did not testify that she was a virgin; rather, she testified that she told defendant during the attack that she was a virgin. As such, CPL 60.42 (3) does not apply *(cf., People v James,* 98 AD2d 863, 864). Moreover, because the proffered evidence had no probative value, County Court acted well within its discretion in refusing to receive it in the interest of justice *(see,* CPL 60.42 [5]; *People v Mandel,* 48 NY2d 952, 954, *appeal dismissed, cert denied* 446 US 949; *People v Rockwell,* 97 AD2d 853, 854).

Finally, we find merit in defendant's argument that County Court erred in imposing consecutive sentences for his first degree rape and first degree sexual abuse convictions. Our review of the record establishes that the acts constituting the sexual abuse were an integral part of the rape *(see, People v Jackson,* 169 AD2d 887; *People v Smiley,* 121 AD2d 274, 275, *lv denied* 68 NY2d 817; *People v Hatch,* 105 AD2d 549, 550-551), and not the result of disparate and separate acts *(see,* Penal Law § 70.25 [2]; *People v Jackson, supra).* Inasmuch as "there was no evidence that any sexual abuse occurred outside of the rape" *(People v Jackson, supra,* at 890), defendant's sentences should run concurrently.

Weiss, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to serve consecutive terms of imprisonment for the convictions of the crimes of rape in the first degree and sexual abuse in the first degree; said sentences for these crimes to run concurrently; and, as so modified, affirmed.