◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALD McKENZIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County, (Beerman, J.), rendered December 20, 1989, convicting him of sodomy in the first degree, sexual abuse in the first degree, robbery in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to the police and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the statements which he unsuccessfully sought to suppress were, in fact, spontaneously made. The record supports the hearing court's finding that the defendant spoke with genuine spontaneity and not as a result of police conduct which reasonably should have been anticipated to evoke a declaration from the defendant (see, People v Lynes, 49 NY2d 286; People v Warden, 170 AD2d 469). Also contrary to the defendant's contention, it was not improper to place him in a pre-arraignment lineup, even though the police were aware that he was represented by counsel in an unrelated case (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846). Since the lineup occurred prior to the commencement of formal adversarial judicial proceedings, in the instant case the defendant had no constitutional right to the presence of counsel (see, People v Bryant, 178 AD2d 420).

Similarly unavailing is the defendant's contention that the

evidence presented at the trial provided insufficient proof of forcible compulsion to establish his guilt of sexual abuse in the first degree, sodomy in the first degree, and robbery in the second degree. Forcible compulsion means, *inter alia,* to compel by "a threat, express or implied, which places a person in fear of immediate death or physical injury to himself * * * or another person" (Penal Law § 130.00 [8] [b]). The evidence at the trial established that the defendant, acting with another individual, pushed the 16-year-old complainant into a bedroom and forced her to give them her money and earrings. While in the room, the defendant told the complainant to remove her clothing, but she refused. The defendant then told the complainant "if you just do something with me I'll let you go home". The complainant testified that she was scared, removed her clothing, and that the defendant touched her vagina. The complainant was then repeatedly raped by three other individuals. The complainant testified that she repeatedly told her assailants to stop and asked to go home. The complainant also stated that the defendant told her to stop crying and threatened to kill her. The defendant then forced the complainant to perform oral sex upon him and she was eventually let go. These facts, when viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), establish the requisite threat of immediate death or physical injury *(see,* Penal Law § 130.00 [8]). Furthermore, the jury could reasonably infer that the complainant did not consent to having sexual contact with the defendant but, rather, submitted because of her fear *(see, People v LaRocco,* 167 AD2d 557).

We have examined the defendant's remaining contentions, including the propriety of the court's *Sandoval* ruling, and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.