◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ESTEBAN FERRER, Respondent. [617 NYS2d 332] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Orange County (Berry, J.), dated May 16, 1994, as granted that branch of the defendant's omnibus motion which was to dismiss Orange County Indictment No. 94-00064 to the extent of reducing count one of the indictment from rape in the first degree to sexual misconduct, count three of the indictment from sodomy in the first degree to sexual

misconduct, and count five of the indictment from sexual abuse in the first degree to sexual abuse in the third degree.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's omnibus motion which was to dismiss the first, third, and fifth counts of the indictment is denied.

The People contend that the evidence presented to the Grand Jury was legally sufficient to establish that the defendant used forcible compulsion to rape, sodomize, and sexually abuse the complainant, and that the County Court therefore erred in reducing counts one, three, and five of the indictment. We agree. In the context of a Grand Jury proceeding, the sufficiency of the People's presentation is determined by inquiring into whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury (see, People v Jennings, 69 NY2d 103, 114; People v Pelchat, 62 NY2d 97, 105; see also, People v Oreckinto, 178 AD2d 562). When viewed in such a light, the complainant's testimony demonstrated that the defendant used his superior physical strength and an implied threat of harm to rape, sodomize, and sexually abuse the complainant, who repeatedly attempted to push him away. Accordingly, the evidence presented to the Grand Jury was legally sufficient to establish the element of forcible compulsion (see, Penal Law § 130.00 [8]; People v Hodges, 204 AD2d 739; People v Roman, 179 AD2d 352; People v Kellar, 174 AD2d 848; People v Rugg, 141 AD2d 925). Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.