■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JEROME M. SWEEZEY, Appellant. [626 NYS2d 584] —Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 27, 1994, upon a verdict convicting defendant of the crime of sodomy in the first degree.

Defendant was indicted on one count of sodomy in the first degree. According to the complainant, she met defendant at his place of business, Value Auto Sales, to discuss a consignment sale of her friend's vehicle. Thereafter, in order to deliver the keys to the car, she met defendant at Hershey's Ice Cream parking lot in the Town of Maine, Broome County. Once given the keys, defendant sought directions to a dirt road in that vicinity to cover paint left on the tires of the newly painted truck he was driving and seeking to sell. After he proceeded to confuse her directions, defendant asked if he could follow her vehicle onto the dirt road she described. Once she explained that her vehicle would be damaged by the road conditions, he asked her if she would ride with him and show him the way. Agreeing to do so after moving her car to a more appropriate parking area, the complainant testified that it took at least 10 minutes before defendant drove to the parking lot where she was waiting. Upon his arrival, she noticed that all advertisement stickers were removed from defendant's truck.

The complainant testified that, after getting into the truck, defendant appeared to know where he was going. She testified that he turned up Rock Street and thereafter drove the truck down Kay Hill Road, which eventually turned into a dirt road. The complainant recounted that at some point she heard the truck's engine "die". She stated, "Oh, my God, don't tell me [the truck] died all the way out here", to which defendant responded, "No, it didn't die. It died for a reason." Upon hearing these words, the complainant testified that she feared for her safety. She described that her heart was pounding, her mind was racing and she was trying to think of someplace to go. She noticed that there were trees to her right, a hill on her left and that she was out in the middle of wilderness.

The complainant further testified that defendant moved toward her and put his hand between her thighs. Her immediate response was to tell him that she was menstruating so that he would not take off her clothes. Instead, she told him that her birth control device was causing her to spot bleed. Although defendant removed his hand in response, he thereafter stated that he expected "to get something out of this" and,

according to the complainant, unzipped his pants and exposed his erection. He then pushed on the back of her neck and forced her head onto his penis. She testified that her heart was still pounding and her mind racing to devise an excuse so that he would let her go. She testified that she explained to defendant that she had to return to her friend's house since he was watching her children, but that he just pushed her head down a second time. She testified that she did not physically or verbally fight with defendant because she was afraid that he might have a weapon. She testified that she suggested to defendant that they "reschedule". This attempt only partially worked because defendant told her that she could "finish [her] job on the way home".

On the way back down Kay Hill Road, defendant again pushed the complainant's mouth on his penis. Now, the more she resisted, the harder defendant squeezed and pushed her neck. She testified that at this point, defendant kept his hand on her neck and pushed her head up and down. The complainant further testified that he hurt her and that she had fingerprints on her neck as a result of the incident. Defendant thereafter drove her back to where she parked her car.

Her complaint to the State Police caused defendant's arrest for sodomy in the first degree. On the evening after defendant's arrest, the complainant accompanied State Police Investigator Terry Stroh to Value Auto Sales when it was closed to identify the truck involved in the incident. Value Auto Sales consists of a small office building and a large, open used car lot. Stroh and the complainant entered the lot and the complainant identified the vehicle. The truck was then towed from the lot, a search warrant obtained, and the truck searched and photographed.

County Court denied defendant's motion to suppress the photographs. Following a jury trial, defendant was found guilty and sentenced to an indeterminate term of incarceration of 3 to 9 years. Defendant appeals.

Defendant contends that the People failed to present sufficient evidence to satisfy the "forcible compulsion" element of sodomy in the first degree (Penal Law § 130.50 [1]). As relevant here, forcible compulsion means "to compel by either * * * use of physical force; or * * * a threat, express or implied, which places a person in fear of immediate death or physical injury to [herself]" (Penal Law § 130.00 [8] [a], [b]). Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that there was

sufficient evidence presented from which " 'any rational trier of fact could have found the [element of forcible compulsion] beyond a reasonable doubt' " (supra, at 621, quoting Jackson v Virginia, 443 US 307, 319). "[T]he inquiry required in determining whether threats amount to forcible compulsion is not what the defendant would or could have done, 'but rather what the victim, observing [the defendant's] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands' " (People v Thompson, 72 NY2d 410, 415-416, quoting People v Coleman, 42 NY2d 500, 505).

We find that the location of this incident on a sparsely populated dirt road, coupled with the complainant's unwavering testimony about the facts causing her to fear for her safety and defendant's ominous statements about the truck dying for a reason and that he was going "to get something out of this", establish the element of forcible compulsion (see, People v Di Gioia, 168 AD2d 865, 866, lv denied 77 NY2d 994; People v LaRocco, 167 AD2d 557, 557-558; People v Randall, 86 AD2d 918, 919) since "[t]he proper focus is on the state of mind produced in the victim by the defendant's conduct" (People v Thompson, supra, at 416).

We further find that the jury's verdict is not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Notwithstanding defendant's contention that the sexual activity between him and the complainant was consensual, we note that "[t]he fact that the jury could reasonably have arrived at a different conclusion * * * is not a basis upon which this court should disturb the verdict, which essentially hinged on the jury's assessment of the credibility of the victim's version and the inferences flowing therefrom" (People v Rugg, 141 AD2d 925, 927, lv denied 72 NY2d 924).

Similarly unavailing is defendant's contention that the People failed to submit sufficient proof establishing that the incident occurred in Broome County. The testimony of the complainant proffered both independently and in conjunction with the photographs of Kay Hill Road and the map of the Town of Maine are sufficient facts from which the jury could have determined that the crime occurred in Broome County.

As to defendant's contentions that the photographs of the truck admitted into evidence should have been suppressed, we find no merit. While the People contest defendant's standing to challenge the search, we note that the People's failure to previously raise this issue does not constitute an irrevocable waiver of the challenge (see, People v Rivera, 206 AD2d 832, lv denied 84 NY2d 871; People v Banks, 202 AD2d 902, revd on

*other grounds* 85 NY2d 558). While no evidence was presented at the suppression hearing to determine who owns Value Auto Sales or the seized truck *(cf., People v Lowe,* 194 AD2d 825, 826, *lv denied* 82 NY2d 722), remittal is not necessary since we find that County Court properly denied the motion on the merits *(see, People v Hudson,* 112 AD2d 650, 651-652, *lv denied* 66 NY2d 615).

Neither Stroh's presence on the used car lot, which was freely accessible to the public, nor his conduct in examining the truck thereon, was a prohibited intrusion upon defendant's expectation of privacy *(see generally, People v Lewis,* 162 AD2d 760, 763, *lv denied* 76 NY2d 894). It is well settled that once the police possess "a reasonable belief that the vehicle was, in some way, associated with the crime and that a search of the vehicle would 'produce the fruits, instrumentalities, contraband or evidence' of the crime" *(People v Clark,* 45 NY2d 432, 438, quoting *People v Lewis,* 26 NY2d 547, 552), the police can "conduct[ ] a warrantless search and seizure of the vehicle" *(People v Martin,* 141 AD2d 854, 855, *lv denied* 73 NY2d 857; *see, People v Jones,* 56 AD2d 142). Here, the complainant positively identified the truck as being the vehicle in which the crime took place. As the truck could be sold or moved by a third party, exigencies existed obviating the need for a warrant to seize the vehicle *(see, People v Buggenhagen,* 57 AD2d 466, 468-469). The immediate action taken by Stroh to seize the parked vehicle at the time that it was determined to be the vehicle in which the crime took place *(cf., People v Spinelli,* 35 NY2d 77; *People v Lewis,* 196 AD2d 833, *lv denied* 82 NY2d 851), coupled with the acts of obtaining a search warrant before searching the vehicle or taking the photographs, leads us to conclude that the motion to suppress was properly denied.

Finally, addressing defendant's contention that his sentence is excessive since it fails to take into consideration his prospects for rehabilitation, we find no merit. The sentence is within the statutory guidelines *(see,* Penal Law § 70.00 [2] [b]) and defendant has not shown either an abuse of County Court's discretion or extraordinary circumstances which would warrant a reduction *(see, People v Tinning,* 142 AD2d 402, 408-409, *lv denied* 73 NY2d 1022). Accordingly, it will not be modified.

As to all other contentions, we find no merit. The judgment of conviction is affirmed.

Cardona, P. J., White, Casey and Spain, JJ., concur. Or-

dered that the judgment is affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).