■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH I. GALLAGHER, Appellant. [639 NYS2d 162] —Mikoll, J. P.

Defendant was tried on a charge of sodomy in the third degree based on allegations that he had subjected a teenaged male to deviate sexual intercourse while defendant was on parole following a previous conviction of the crimes of sodomy in the second and third degrees. Defendant was found guilty and sentenced as a second felony offender to a term of 2 to 4 years' imprisonment.

Defendant contends on this appeal that the judgment of conviction should be reversed and the case remitted for a new trial on the ground that he was deprived of his 6th Amendment right to be represented by counsel. He bases this contention on the fact that his legal representation was provided by Public Defender David Gruenewald with then-Assistant Public Defender Steven Welchons serving as cocounsel. Because it was subsequently disclosed that Welchons was not, in fact, a licensed attorney admitted to the Bar of this State, defendant contends that he did not receive his constitutionally guaranteed right to counsel. We cannot agree.

A review of the record discloses that Welchons did not actively participate in the proceedings against defendant. Although Welchons is listed as Gruenewald's "cocounsel" in the record, the record is devoid of any statements or actions on Welchons' part. Gruenewald, on the other hand, was present at every critical stage of the proceedings and provided defendant with a more than competent legal defense. Defendant has failed to show that Welchons' status as cocounsel had any prejudicial impact upon defendant's defense. We conclude that the mere presence of this nonlawyer during the early stages of the proceedings against defendant at a time when defendant was, in fact, represented by legally trained counsel, admitted to the practice of law, does not, under the circumstances presented here, provide sufficient justification for reversal of defendant's conviction (*see, People v Leslie*, 154 Misc 2d 325, 331-332; *cf., People v Felder*, 47 NY2d 287).

We reject defendant's argument that County Court erred by denying his pretrial motion to dismiss the indictment on the ground that it was based upon insufficient evidence of the victim's age. A trial and verdict having been rendered, based on indisputably sufficient evidence, foreclose raising the issue on appeal (*see*, CPL 210.30 [6]).

Finally, we reject defendant's claim that his sentence was harsh and excessive. Defendant has an extensive criminal record and was on parole following his conviction of a similar crime at the time the instant offense was perpetrated. We find no ground for modification of the sentence imposed by County Court (*see*, *People v Sweezey*, 215 AD2d 910, *lv denied* 85 NY2d 980).

Crew III, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.