THIRD DEPARTMENT, DECEMBER, 1997

(December 4, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK G. HALE, Appellant. [664 NYS2d 845] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 26, 1996, upon a verdict convicting defendant of the crime of attempted rape in the first degree.

After an allegedly violent altercation with his wife (hereinafter the victim), which culminated in defendant's arrest and eventual indictment on charges of attempted rape and endangering the welfare of a child, a trial ensued, as a result of which defendant was convicted of the former crime and sentenced to an indeterminate term of imprisonment of 3 to 6 years. This appeal followed.

Defendant contends that County Court erred in allowing the prosecutor to elicit testimony about statements defendant made to the victim and the responding police officers while the officers were attempting to subdue him. We disagree. The challenged evidence was not, as defendant suggests, irrelevant, for the statements in question—which were uttered shortly after the events comprising the attempted rape and related to defendant's feelings with respect to the subject about which the couple had been arguing (an affair had by the victim) at the time of the attack—were probative on the issue of defendant's state of mind and intent just minutes earlier (*cf., People v Struss,* 228 AD2d 711, 712, *lv denied* 89 NY2d 867).

Defendant's assertions that the proof does not support a conviction for attempted rape in the first degree, and alternatively that the verdict was against the weight of the evidence, are also unpersuasive. The victim testified that during the course of their argument, defendant had handcuffed her to the bed, gagged her, "cracked" her neck and threatened to kill her if she screamed any more. Feeling "really scared", she had thereafter tried to flee from the apartment with the couple's 18-month-old son, but defendant had pulled her back in the door, placed the baby on the couch and hit her on the neck. The victim then fell to the ground and defendant then got on top of her, held her down, ripped her clothes off and attempted to penetrate her. Parts of this testimony were corroborated by three neighbors, all of whom heard the victim screaming (in one witness's words, what she heard on this evening was "on a whole different level" from the yelling and arguing she had overheard on previous occasions), and one of whom had entered the apartment to "get the baby out" just as defendant was poised over his partially naked wife, pinning her to the ground with her legs spread.

This evidence, if credited, plainly establishes all of the elements of the crime charged, including lack of consent and forcible compulsion (*see, e.g., People v Sweezey*, 215 AD2d 910, 912-913, *lv denied* 85 NY2d 980; *People v Wilson*, 192 AD2d 782, 783). Defendant's attempt to characterize what occurred as a consensual act of "makeup" sex, after an argument, merely posed a credibility question which the jury was entitled to, and did, resolve against him (*see, People v Laundry*, 122 AD2d 450, 451; *People v Troy*, 119 AD2d 880, 882, *appeal dismissed* 68 NY2d 998). Considering the record as a whole, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495).

As for the sentence, which defendant maintains is excessive given his lack of criminal history and other mitigating factors, we concur with County Court that the violent nature and circumstances of the crime warrant the sanction imposed (*see, People v Crampton*, 107 AD2d 998, 1001; *cf., People v Sweezey, supra*, at 914).

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.