■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN WILLIAMS, Appellant. [756 NYS2d 236] —Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered November 17, 2000, convicting him of sodomy in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the People correctly concede, the trial court improperly denied the defendant's right to fully cross-examine the victim when it prevented questions about a prior inconsistent statement to the effect that she did not believe that the defendant was armed. However, forcible compulsion does not require a finding that a defendant threatened his victim with a weapon. Rather, any application of physical force is sufficient to support such a finding (*see* Penal Law § 130.00 [8]; *People v Ferrer,* 209 AD2d 714; *People v Thompson,* 158 AD2d 563; *People v Randall,* 86 AD2d 918), as are either verbal or implied threats of physical injury (*see* Penal Law § 130.00 [8]; *People v Williams,* 81 NY2d 303; *People v Samuel,* 239 AD2d 527; *People v Miller,* 226 AD2d 833; *People v McKenzie,* 180 AD2d 827; *People v Smolen,* 166 AD2d 248). Since there was evidence that the defendant used physical force against the victim and threatened to break her neck, while in a position to do so, any error in precluding the testimony as to whether the victim believed that the defendant was armed is harmless beyond a reasonable doubt (*see Chapman v California,* 386 US 18; *Fahy v Connecticut,* 375 US 85; *People v Crimmins,* 36 NY2d 230).

The defendant's remaining contention is unpreserved for appellate review. Altman, J.P., Smith, McGinity and Townes, JJ., concur.