■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITH WHITE, Appellant. [894 NYS2d 705]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered October 30, 2008. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree, petit larceny, and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [7]), petit larceny (§ 155.25), and criminal possession of a weapon in the fourth degree (§ 265.01 [1]). We reject the contention of defendant that County Court erred in refusing to suppress evidence obtained as a result of the warrantless seizure of his vehicle. "If the police possess probable cause to believe the vehicle is the instrumentality of a crime and exigent circumstances exist, they may seize the automobile without a warrant," and both of those factors exist here (*People v Buggenhagen*, 57 AD2d 466, 468-469 [1977]; *see People v Sweezey*, 215 AD2d 910, 914 [1995], *lv denied* 85 NY2d 980 [1995]). The further contention of defendant that he was denied a fair trial based on prosecutorial misconduct on summation is preserved for our review only with respect to certain of the prosecutor's comments (*see* CPL 470.05 [2]). In any event, that contention is without merit inasmuch as the prosecutor's comments on summation were fair comment on defense counsel's summation (*see People v Green*, 60 AD3d 1320, 1322 [2009], *lv denied* 12 NY3d 915 [2009]; *People v Pepe*, 259 AD2d 949, 950 [1999], *lv denied* 93 NY2d 1024 [1999]).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of defendant's accomplice was corroborated by other evidence at trial, including the testimony of a police officer, the victim, and a neighbor of the victim implicating defendant in the crimes (*see People v Douglas*, 23 AD3d 1151 [2005], *lv denied* 6 NY3d 812 [2006]; *see generally People v Johnson*, 1 AD3d 891, 892 [2003]). Further, the evidence established that defendant possessed the handgun that was found in the bathroom of defendant's house, an area over which defendant exercised dominion and control (*see* Penal Law § 10.00 [8]; *People v Carter*, 60 AD3d 1103, 1106 [2009], *lv denied* 12 NY3d 924 [2009]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The jury was entitled to credit the testimony of the People's witnesses over that of defendant's sole witness, who knew defendant personally and was in a romantic relationship with one of defendant's accomplices (*see generally id.*).

Defendant contends that he was denied effective assistance of counsel based on the cumulative effect of several alleged errors at trial, including defense counsel's failure to object to portions

of the prosecutor's summation and to the jury charge. We reject that contention inasmuch as the record establishes that defendant received meaningful representation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]; *see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review his challenge to the amount of restitution imposed (*see generally People v Golgoski*, 40 AD3d 1138 [2007]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey and Green, JJ.