# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1044.2
KA 12-00690
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

ANDREW R. WHITE, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR APPELLANT.

JAMES NOBLES, ROCHESTER, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas E. Moran, J.), dated March 19, 2012. The order, on the motion of defendant, dismissed count three of the indictment and reduced counts one and five of the indictment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of defendant's motion seeking to dismiss the first count of the indictment and reinstating that count, and as modified the order is affirmed and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: The People appeal from an order that granted in part defendant's motion to dismiss the indictment based on the alleged legal insufficiency of the evidence before the grand jury by, inter alia, reducing the first and fifth counts of the indictment. We agree with the People that Supreme Court erred in reducing the first count from sexual abuse in the first degree (Penal Law § 130.65 [1]) to sexual abuse in the third degree (§ 130.55), and we therefore modify the order accordingly. The grand jury "must have before it evidence legally sufficient to establish a prima facie case, including all the elements of the crime, and reasonable cause to believe that the accused committed the offense to be charged" (*People v Jensen*, 86 NY2d 248, 251-252). Legally sufficient evidence is "defined as 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' " (*People v Swamp*, 84 NY2d 725, 730, quoting CPL 70.10 [1]). The court "must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted[,] . . . would warrant conviction" (*id.*; *see Jensen*, 86 NY2d at 251).

Contrary to the court's determination, the evidence before the grand jury, viewed most favorably to the People, establishes that

defendant subjected the victim identified in the first count of the indictment to sexual contact by forcible compulsion. " 'Forcible compulsion' means to compel by . . . use of physical force" (Penal Law § 130.00 [8] [a]). The victim testified that she was unable to get away from defendant because he was straddling her mid-section while she was lying on the floor. We conclude that her testimony is legally sufficient to establish that defendant used force to subject the victim to sexual contact (*see People v Ferrer*, 209 AD2d 714, 715; *see also People v Val*, 38 AD3d 928, 929, *lv denied* 9 NY3d 852).

We agree with the court, however, that the evidence before the grand jury is not legally sufficient to establish a prima facie case with respect to the fifth count of the indictment, strangulation in the second degree (Penal Law § 121.12), and the court therefore properly reduced that count to criminal obstruction of breathing or blood circulation (§ 121.11). A person commits criminal obstruction of breathing or blood circulation when he or she, "with intent to impede the normal breathing or circulation of the blood of another person[,] . . . applies pressure on the throat or neck of such person; or . . . blocks the nose or mouth of such person" (§ 121.11). A person commits strangulation in the second degree when he or she commits the crime of criminal obstruction of breathing or blood circulation as defined in section 121.11, "and thereby causes stupor, loss of consciousness for any period of time, or any other physical injury or impairment" (§ 121.12). Initially, as the court properly held, there was no evidence that defendant caused stupor or loss of consciousness, and thus to support the count of strangulation in the second degree the evidence must establish a "physical injury or impairment" (§ 121.12). The victim who was the subject of the fifth count of the indictment testified that defendant squeezed his throat for about three seconds, and that it was painful. He further testified that, during the remainder of that night as well as during the next day, his throat was "tingly," but there was no testimony that he needed medical assistance. Upon considering the various factors set forth in *People v Chiddick* (8 NY3d 445, 447-448) concerning the evidence required to establish that the victim experienced substantial pain and thus sustained a physical injury, we conclude that the evidence, viewed in the light most favorable to the People, did not establish that the victim sustained a physical injury within the meaning of section 10.00 (9) (*cf. People v Cannon*, 300 AD2d 407, 407, *lv denied* 99 NY2d 613).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court