People v Lewis (2021 NY Slip Op 02960)





People v Lewis


2021 NY Slip Op 02960


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1080 KA 20-00563

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM H. LEWIS, DEFENDANT-APPELLANT. 






TULLY RINCKEY PLLC, ROCHESTER (PETER J. PULLANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 16, 2017. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree, predatory sexual assault against a child (two counts), and endangering the welfare of a child (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law
§ 130.65 [4]), two counts of predatory sexual assault against a child (§ 130.96), and three counts of endangering the welfare of a child
(§ 260.10 [1]). Defendant failed to preserve for our review his contention that County Court erred in admitting in evidence a videotape of his confession to a police officer because the recording was so inaudible and unintelligible that the prejudicial effect of its use outweighed the probative value (see People v Highsmith, 254 AD2d 768, 769-770 [4th Dept 1998], lv denied 92 NY2d 983, 1033 [1998]). In any event, that contention is without merit. The determination whether to permit the admission of a recording in evidence lies in the sound discretion of the trial court (see People v Dalton, 164 AD3d 1645, 1645 [4th Dept 2018], lv denied 32 NY3d 1170 [2019]), and there is "no abuse of discretion in admitting in evidence recordings having parts that are less than clear" where, as here, "they are not so inaudible and indistinct that the jury would have to speculate concerning [their] contents and would not learn anything relevant from them" (id. [internal quotation marks omitted]; see People v Jackson, 94 AD3d 1559, 1561 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]).
Defendant contends that he was deprived of a fair trial based on several instances of prosecutorial misconduct. Defendant's contention is preserved for our review only in part (see CPL 470.05 [2]) and is, in any event, without merit. With respect to defendant's argument that the prosecutor failed to disclose Brady material, we conclude that the material in question—evidence that the victims visited the residence of a registered sex offender while supervised by their mother and evidence from the report of the nurse's examination of the victims— was either not relevant or not exculpatory (see People v Ulett, 33 NY3d 512, 515 [2019]; People v Boykins, 160 AD3d 1348, 1349 [4th Dept 2018], lv denied 31 NY3d 1145 [2018]). While defendant preserved his challenge to two inflammatory statements made by the prosecutor during summation (see People v Romero, 7 NY3d 911, 912 [2006]; People v White, 70 AD3d 1316, 1317 [4th Dept 2010], lv denied 14 NY3d 845 [2010]), we conclude that the comments were not so egregious as to deprive defendant of a fair trial (see People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]).
Defendant's sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court