■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 20, 1989, convicting him of kidnapping in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated September 30, 1991, the judgment was reversed and the indictment dismissed *(People v Gonzalez,* 171 AD2d 127). By decision and order dated October 20, 1992, the Court of Appeals reversed and remitted the matter to this Court for consideration of the "facts and issues raised but not passed upon" *(People v Gonzalez,* 80 NY2d 146).

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The indictment charged the defendant with committing separate crimes against two different women, on two different dates. As to the events of November 28, 1987 (the crimes at issue here), the defendant was charged with kidnapping in the second degree (Penal Law § 135.20), two counts of assault in the second degree (Penal Law § 120.05 [2], [6]), attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), and attempted sexual abuse in the first degree (Penal Law

§§ 110.00, 130.65 [1]). In the second series of crimes, the defendant was charged with having kidnapped, assaulted, and sexually abused another woman on February 13, 1988. The prosecutor, in his opening statement, described both sets of crimes, and then presented a so-called "outcry" witness who testified that the second woman told of having been kidnapped and assaulted by an unnamed assailant. As the trial proceeded, it became evident that the second woman would be unavailable to testify, and the defendant moved for a mistrial, which the court denied. At the conclusion of the trial the court dismissed those counts of the indictment relating to the second woman.

In many cases the prejudice resulting from inadmissible evidence or unfulfilled openings may be blunted or eliminated by judicial instructions (see, People v Blyden, 142 AD2d 959; see also, De Vito v Katsch, 157 AD2d 413, 419, n 6), but here the damage was ineradicable and transcended the court's cogent efforts in striking the testimony and instructing the jury to disregard it. Accordingly, the defendant's motion for a mistrial should have been granted, and a new trial is warranted (People v Cruz, 100 AD2d 882). Harwood, J. P., Balletta, Rosenblatt and Lawrence, JJ., concur.