■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MORTON, Appellant. [707 NYS2d 185] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered January 7, 1998, convicting him of bur-

glary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by the defendant to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

We agree with the defendant's contention that the trial court erred in denying his challenge for cause to one of the prospective jurors. Where there is evidence that a prospective juror's state of mind is likely to preclude him or her from rendering an impartial verdict (see, CPL 270.20 [1] [b]), the juror must state unequivocally that he or she would be able to render a verdict based solely on the evidence adduced at trial (see, People v Johnson, 94 NY2d 600; People v Torpey, 63 NY2d 361, 367; People v Blyden, 55 NY2d 73, 77-78). Here, the prospective juror responded "Yes" when asked if, upon learning that the defendant had prior felony convictions, she might believe "if he had done it before he might do it again". Such a response indicated that the prospective juror had a "state of mind that is likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; see, People v Johnson, supra; People v Torpey, supra; People v Blyden, supra; People v Light, 260 AD2d 404; People v White, 260 AD2d 413).

The trial court's failure to grant the defendant's challenge for cause of this juror constituted reversible error because the defendant had exhausted all of his peremptory challenges prior to the completion of jury selection (see, CPL 270.20 [2]; People v Torpey, supra, at 365; People v White, supra; People v Molinari, 252 AD2d 532).

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.