■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BUTLER, Appellant. [732 NYS2d 18] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered December 6, 1999, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Where there is evidence that the state of mind of a prospective juror is likely to preclude him or her from rendering an impartial verdict (*see,* CPL 270.20 [1] [b]), the juror must state a personal, unequivocal assurance that he or she will be able to render verdict based solely on the evidence adduced at trial (*see, People v Arnold,* 96 NY2d 358; *People v Torpey,* 63 NY2d 361). Here, one of the prospective jurors gave equivocal responses when questioned by counsel as to whether the fact that the defendant had a prior felony conviction would prevent her from being fair and impartial. The trial court failed to obtain a personal, unequivocal declaration or assurance of impartiality from that prospective juror. Therefore, because of the possible predisposition of that prospective juror against the defendant, the defendant was not assured of his right to a fair trial before an unbiased fact-finder (*see, People v Arnold, supra*; *People v Johnson,* 94 NY2d 600).

Accordingly, the trial court's failure to grant the defendant's challenge for cause of this prospective juror constituted reversible error, since the defendant had exhausted all of his peremptory challenges prior to the completion of jury selection (*see,* CPL 270.20 [2]; *People v Torpey, supra*; *People v Morton,* 271 AD2d 702). Altman, J. P., Friedmann, Smith and Adams, JJ., concur.