■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED GREENE, Appellant. [737 NYS2d 32] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered February 9, 1999, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously reversed, on the law, and the matter remanded for a new trial.

Reversal is required as a result of the trial court's denial of defendant's cause challenge to a prospective juror.

During voir dire in this domestic violence case, the juror in question informed the court that both she and her sister had been victims of domestic violence in 1986, and asserted that she was "not sure [she] would be able to be impartial." While she responded affirmatively to queries by the prosecutor and the trial court as to whether she could listen to the witnesses with an open mind, assess their credibility, and analytically determine whether or not each witness was telling the truth, she then added "I can try" and that she would "try to keep an open mind about it."

Further, after acknowledging the sympathy she would probably feel for the victim, when this juror was asked by defense counsel if she could keep her feelings out of the jury deliberations, her answer reflected some doubt: "I can see myself saying * * * I just went through the same situation and * * * there would be some confusion."

When asked again if she could put aside her own experiences

and use her "analytical skills to listen to whatever evidence or whatever testimony is presented," and "keep an open mind," she stated: "I think I can, I think I can keep an open mind and not be judgmental right away but then again there's always that thing behind that * * * I might incorporate." The court insisted that she give "a yes or no answer" to the question whether or not she could "give this man a fair trial," to which she replied, "I think I can."

Although there is no talismanic expurgatory oath to prove that a prospective juror will render an impartial verdict (*People v Johnson*, 94 NY2d 600, 611), and the "occasional use of allegedly equivocal words such as 'try' " does not automatically demonstrate a prospective juror has a state of mind likely to preclude her from rendering an impartial verdict (*People v Semper*, 276 AD2d 263, *lv denied* 96 NY2d 738), nevertheless, this juror consistently tempered her assurances with equivocation, even in the face of the court's demand for "a yes or no answer." Since the juror herself called into question her ability to render an impartial verdict, "nothing less than a personal, unequivocal assurance of impartiality" was required (*People v Arnold*, 96 NY2d 358, 364), and it is insufficient to state that she thought she could be impartial or would try to do so (*People v Hausman*, 285 AD2d 352). The judgment therefore must be reversed (*id.*).

We find defendant's remaining contention to be without merit. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.