■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON REY, Also Known as REY RAMON, Appellant. [747 NYS2d 253]

During the voir dire, prospective juror number 16 appeared to indicate that as a result of having twice been the victim of violent crimes, including a robbery in which he believed the perpetrators who held a gun to his head were high on drugs, and a separate incident during which he was shot at three times, he could not fairly deliberate as a juror on the case. He stated that he will live with those experiences for the rest of his life, and that he is always looking over his shoulder. He indicated he would try, but that it would be very hard to keep these incidents separate and apart from the issues of the

instant case. After further inquiry, the court denied the defendant's challenge for cause. The defendant then used one of his peremptory challenges to excuse prospective juror number 16, and ultimately exhausted all of his peremptory challenges. On appeal, he asserts, inter alia, that the court erred in denying this challenge for cause. We agree and therefore order a new trial.

When, as here, the answers of a prospective juror raise a serious doubt regarding his or her ability to be impartial, unless the juror states unequivocally that he or she can be fair and impartial, the juror must be excused (see People v Chambers, 97 NY2d 417). In this case, the responses elicited by the court, after it interrupted the prosecutor's attempt to rehabilitate prospective juror number 16, were insufficient. Thus, he should have been excused for cause. Since he was not, and since the defendant used all of his peremptory challenges, the judgment must be reversed and a new trial ordered (cf. People v Chambers, supra). Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.