■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YATTANG NG, Appellant. [748 NYS2d 774] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered August 12, 1999, convicting him of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the third degree (seven counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The appellant and three of his codefendants were jointly tried and convicted of various crimes arising from multiple sales of heroin to a confidential informant working for law enforcement officials in Queens (*see People v Zhi Qiang Chen,* 298 AD2d 471 [decided herewith]; *People v Bun Beng Zheng,* 298 AD2d 460 [decided herewith]; *People v Xin Kong Wong,* 298 AD2d 470 [decided herewith]). The evidence adduced at trial established that the appellant and his accomplices sold heroin to the confidential informant

on numerous occasions, with many of the transactions having been recorded on audiotape and/or videotape.

However, the Supreme Court committed reversible error by denying the defendants' unanimous challenges for cause as to prospective jurors numbers 5, 10 and 14. These three prospective jurors (along with three other prospective jurors who are not pertinent to this appeal) all indicated that they might be unable to serve impartially. Therefore, the court was required to elicit some unequivocal assurance from these prospective jurors that they would be able to be impartial and reach a verdict on the evidence adduced at trial and in accordance with the court's instructions on the law (*see People v Bludson,* 97 NY2d 644, 646; *People v Chambers,* 97 NY2d 417; *People v Arnold,* 96 NY2d 358; *People v Rey,* 297 AD2d 689). Here, while the court attempted to elicit assurances of obedience to the law, it never elicited assurances of impartiality. Moreover, the court did not address each prospective juror in a meaningful way to obtain individual assurances. The court's attempt did not suffice to establish individual impartiality (*see People v Bludson, supra*). Accordingly, the appellant is entitled to a new trial.

The appellant's remaining contentions are without merit. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.