■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN WILLIAMS, Appellant. [756 NYS2d 236] —Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered November 17, 2000, convicting him of sodomy in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant. [754 NYS2d 563] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered January 8, 2001, convicting him of assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Where there is evidence that the state of mind of a prospective juror is likely to preclude him or her from rendering an impartial verdict (*see* CPL 270.20 [1] [b]), the court must elicit from that juror a personal, unequivocal assurance that he or she will be able to render a verdict based solely on the evidence adduced at trial (*see People v Arnold,* 96 NY2d 358; *People v Torpey,* 63 NY2d 361; *People v Yattang Ng,* 298 AD2d 470, 471; *People v Butler,* 287 AD2d 647, 648). Here, one of the prospective jurors gave equivocal responses when questioned by counsel as to whether the fact that her husband was a postal inspector would prevent her from being fair and impartial. The trial court failed to obtain a personal, unequivocal declaration or assurance of impartiality from that prospective juror. Because of the possible predisposition of that prospective juror against the defendant, which raised a serious doubt regarding her ability to render an impartial verdict, the defendant was not assured of his right to a trial before an unbiased fact-finder (*see People v Arnold, supra; People v Johnson,* 94 NY2d 600).

The trial court's failure to grant the defendant's challenge for cause of this prospective juror constituted reversible error, since the defendant had exhausted all of his peremptory challenges prior to the completion of jury selection (*see* CPL 270.20 [2]; *People v Torpey, supra; People v Morton,* 271 AD2d 702, 703).

The defendant's remaining contentions are either without merit or need not be reached in light of this determination. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.