■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HENRIQUES, Appellant. [762 NYS2d 887] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 1, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Where there is evidence that the state of mind of a prospective juror is likely to preclude him or her from rendering an impartial verdict (*see* CPL 270.20 [1] [b]), the juror must state a personal, unequivocal assurance that he or she will be able to render a verdict based solely on the evidence adduced at the trial (*see People v Arnold,* 96 NY2d 358 [2001]; *People v Torpey,* 63 NY2d 361 [1984]; *People v Butler,* 287 AD2d 647, 648 [2001]). Here, the victim was 14 years old at the time of her death. One of the prospective jurors gave equivocal responses when questioned by the defendant's counsel as to whether the victim's age would prevent her from being fair and impartial, since she had children of her own. The trial court failed to obtain a personal, unequivocal declaration or assurance of impartiality from that prospective juror. Therefore, because of

the possible predisposition of that prospective juror against him, the defendant was not assured of his right to a fair trial before an unbiased factfinder (*see People v Arnold, supra; People v Johnson,* 94 NY2d 600 [2000]).

Accordingly, the trial court's failure to grant the defendant's challenge for cause of this prospective juror constituted reversible error, since the defendant had exhausted all of his peremptory challenges prior to the completion of jury selection (*see* CPL 270.20 [2]; *People v Torpey, supra; People v Morton,* 271 AD2d 702, 703 [2000]). The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.