■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHAWN KENNER, Also Known as DESHAWN BUNCH, Appellant. [777 NYS2d 669]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered December 21, 2001, convicting him of murder in the second degree, attempted murder in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

CPL 270.20 (1) (b) allows a party to challenge a prospective juror for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where such a challenge is made, "a juror who has revealed doubt, because of prior knowledge or opinion, about [his or] her ability to serve impartially must be excused unless the juror states unequivocally on the record that [he or] she can be fair" (*People v Bludson*, 97 NY2d 644, 645 [2001] [internal quotation marks omitted]; *see People v Arnold*, 96 NY2d 358, 362 [2001]). "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have 'replaced one impartial juror with another' " (*People v Arnold, supra* at 362, quoting *People v Culhane*, 33 NY2d 90, 108 n 3 [1973]).

Here, during the course of voir dire, one prospective juror indicated that she would hold the defendant's failure to testify against him, and was equivocal when questioned by the trial court about whether she would be able to follow an instruction to the contrary. In addition, another juror expressed doubt as to whether, in view of her religious beliefs, she could be impartial in a case where a person was accused of taking a life. This juror was also equivocal when questioned by the court about whether it would be difficult to set aside her beliefs and follow the law. Since these prospective jurors made statements that cast doubt on their ability to render a fair verdict under the proper legal standards, and did not, upon further inquiry, provide unequivocal assurances that they would be able to render a verdict based solely upon the evidence adduced at trial, the trial court should have granted the defendant's challenges for cause (*see People v Bludson, supra; People v Arnold, supra; People v Henriques*, 307 AD2d 937 [2003]; *People v Grant*, 297 AD2d 687 [2002]; *People v Greene*, 290 AD2d 349 [2002]; *People v Butler*, 287 AD2d 647 [2001]). Furthermore, the failure to grant the defendant's challenges for cause constituted reversible error because the defen-

dant exhausted all of his peremptory challenges prior to the completion of jury selection (*see* CPL 270.20 [2]; *People v Torpey,* 63 NY2d 361 [1984]; *People v Henriques, supra; People v Williams,* 302 AD2d 412 [2003]).

The trial court also erred in denying the defendant's motion for a mistrial, which was predicated upon the complainant's testimony. The record reveals that the complainant, who was confined to a wheelchair due to injuries he sustained in the shooting, responded to preliminary questions on direct examination concerning his background and events preceding the shooting. However, when the prosecutor attempted to elicit more specific testimony about the crime, the complainant's answers became increasingly nonresponsive. After stating that the defendant had killed his friend, that his friend was the father of a young child, and that he was going to leave the matter "in the hands of the Holy Spirit," the complainant refused to answer any additional questions. Although the trial court struck the complainant's testimony, under these circumstances, this was an insufficient remedy to alleviate the prejudice caused by the complainant's statements (*see People v Gonzalez,* 187 AD2d 630 [1992]; *People v Jamerson,* 99 AD2d 816 [1984]).

In light of our determination, we do not reach the defendant's remaining contentions. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.