■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL RUSSELL, Appellant. [788 NYS2d 139]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered May 30, 2002, convicting him of criminal possession of a controlled substance

in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (two counts), and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the defendant's automobile.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the defendant's automobile is granted, counts three and four of the indictment charging the defendant with criminally using drug paraphernalia in the second degree are dismissed, and a new trial is ordered as to the remaining counts of the indictment.

CPL 270.20 (1) (b) permits a party to challenge a prospective juror for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where such a challenge is made, " 'a juror who has revealed doubt, because of prior knowledge or opinion, about [his or] her ability to serve impartially must be excused unless the juror states unequivocally on the record that [he or] she can be fair' " (*People v Bludson,* 97 NY2d 644, 645 [2001], quoting *People v Arnold,* 96 NY2d 358, 362 [2001]; *see People v Kenner,* 8 AD3d 296, 297 [2004]). "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have 'replaced one impartial juror with another' " (*People v Arnold, supra* at 362, quoting *People v Culhane,* 33 NY2d 90, 108 n 3 [1973]; *People v Kenner, supra* at 297).

Here, during the course of voir dire, one prospective juror indicated that she did not think that she could be fair based upon her feelings about illegal drugs. Since this prospective juror made statements that cast doubt on her ability to render a fair verdict under the proper legal standards, and did not, upon further inquiry, provide unequivocal assurances that she would be able to render a verdict based solely upon the evidence, the trial court should have granted the defendant's challenges for cause (*see People v Bludson, supra; People v Arnold, supra; People v Kenner, supra*; *People v Henriques,* 307 AD2d 937 [2003]). Furthermore, the failure to grant the defendant's challenges for cause constituted reversible error because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (*see* CPL 270.20 [2]; *People v Torpey,*

63 NY2d 361 [1984]; *People v Kenner, supra*; *People v Henriques, supra* at 938; *People v Williams,* 302 AD2d 412, 413 [2003]).

The hearing court erred in denying that branch of the defendant's omnibus motion which was to suppress the physical evidence discovered in the defendant's automobile following his lawful arrest. An inventory search is exactly what its name suggests, a search designed to properly catalogue the contents of the item searched. The specific objectives of an inventory search, particularly in the context of a vehicle, are to protect the property of the defendant, to protect the police against any claim of lost property, and to protect police personnel and others from any dangerous instruments (*see People v Johnson,* 1 NY3d 252, 256 [2003]; *see also Florida v Wells,* 495 US 1, 4 [1990]). An inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence (*People v Johnson, supra*; *Florida v Wells, supra*). To guard against this danger, an inventory search should be conducted pursuant to "an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably" (*People v Galak,* 80 NY2d 715, 719 [1993]). The procedure must be standardized so as to "limit the discretion of the officer in the field" (*id.* at 719). While the discovery of incriminating evidence may be a consequence of an inventory search, it should not be its purpose.

Here, the evidence adduced at the pretrial suppression hearing was clearly insufficient to satisfy the prosecutor's initial burden of establishing a valid inventory search. There was no testimony from the officer about his knowledge of the general objectives of an inventory search or to establish the existence of any departmental policy regarding inventory searches. Even assuming such a policy existed, the People failed to produce evidence demonstrating either that the procedure itself was rationally designed to meet the objectives that justify inventory searches in the first place, or that this particular officer conducted this search properly and in compliance with established procedures. Accordingly, since the evidence supporting the counts of criminally using drug paraphernalia in the second degree should have been suppressed, those counts of the indictment should have been dismissed.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are without merit or academic in light of our determination. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.