*454 OPINION OF THE COURT
Carolyn E. Demarest, J.
The defendant moves to vacate his probationary sentence.[1]
In deciding this motion, the court has considered the motion papers, the affirmation in opposition and the court file.
Background
On February 4, 1997, the defendant shot and killed his “girlfriend.” The defendant claimed that the shooting was an “accident.”
On March 27, 1997, an indictment charging the defendant with depraved indifference murder was filed. On April 2, 1997, the defendant was arraigned and pleaded not guilty.
On November 17, 1997, after a jury trial, the defendant was convicted of depraved indifference murder. On December 1, 1997, the defendant was sentenced by another court to a term of imprisonment having a minimum of 23 years and a maximum of life.
Under indictment No. 3338/97 (an unrelated indictment), the defendant pleaded guilty to a narcotics charge and received a sentence of imprisonment having a minimum of one year and a maximum of three years to run concurrently with the sentence on this indictment.
On August 4, 2003, the Appellate Division reversed the defendant’s judgment and ordered a retrial.[2] On October 8, 2003, the People’s application for leave to appeal to the Court of Appeals was denied.[3] The conviction under indictment No. 3338/97 was not vacated.
On April 24, 2004, after a jury retrial, the defendant was convicted of criminally negligent homicide.
On June 7, 2004, after reading the probation report, this court sentenced the defendant to five years’ probation.[4]
The defendant now claims that because he has seven years, two months and five days of jail time credit, his five-year probation sentence is improper since he has served more than five years in jail. The defendant apparently concedes that, had the court sentenced him to the maximum jail term allowed by law, *455 that the sentence would have been proper. Of course, based upon the aforenoted credit he would be released without further penalty. He now claims that the nonimprisonment probation sentence is improper. This argument presents quite an anomaly.
CPL 440.20
CPL 440.20 provides for the vacatur of sentence, even after the commencement of a sentence, where the original sentence is illegal. If the sentence is legal, the court is not authorized to change the sentence.[5]
Prejudgment jail time credit does not affect the legality of a sentence; it affects the amount of time in incarceration that is to be served on the sentence.[6] Since the sentence imposed is legal, the court is not authorized under CPL 440.20 to alter it.
The defendant, citing several United States Circuit Courts of Appeals decisions, relating to federal sentencing guidelines, and an Indiana state court decision interpreting the laws of that state, claims that the current probation sentence is illegal.[7] These courts have held that the failure to provide credit for time served on probation toward a de novo sentence of imprisonment or probation violates the “double punishment” prohibition of the Double Jeopardy Clause of the Federal Constitution.[8] In contrast to the cases cited by the defendant, however, other United States Circuit Courts of Appeals and other state court decisions have held to the contrary.[9] These decisions point out that the function and purpose of probation is totally different from that of incarceration. The probationary sentence is for the benefit of a defendant and attempts to assist a defendant toward the goal of living a law-abiding life, while an imprisonment sentence has no such goal. Thus, those courts have held that the probation sentence is constitutionally different from an *456 imprisonment sentence, and a defendant is not constitutionally entitled to credit against an incarceration sentence for time served on probation.
Pursuant to Penal Law § 65.15 (1), a probationary sentence commences on the day it is imposed. A defendant is not entitled to any credit for a period of presentence imprisonment toward a probationary sentence.[10] In Maye, the Appellate Division expressly held that jail time served on a reversed conviction could not be applied to a probationary sentence imposed on a second conviction based upon Penal Law § 65.15 (1). Thus, in order to sustain the defendant’s argument in this case, the court would be required to declare the statute, as applied, unconstitutional. Where a defendant claims that a statute violates the Constitution, the defendant is required to prove the unconstitutionality beyond a reasonable doubt.[11]
As indicated above, courts are divided on whether it is constitutionally required that a defendant receive credit from prior sentences toward newly-imposed sentences for the same offense. The courts that reject the defendant’s argument are consistent with New York case law which clearly defines probation as “primarily and fundamentally rehabilitative” in contrast to the purpose of incarceration which is punitive and deterrent.[12]
In People v Letterlough, the Court of Appeals said:[13]
“The overriding purpose of imposing a sentence of probation in lieu of other punishment is to rehabilitate ‘the convicted criminal by giving him appropriate treatment, in order to . . . return him to society so reformed that he will not desire or need to commit further crimes’ (1 LaFave and Scott, Substantive Criminal Law § 1.5, at 32-33). As has been aptly noted, ‘ [i]t is perhaps not entirely correct to call this treatment “punishment,” as the emphasis is away from making [the probationer] suffer and in the direction of making his [or her] life better and more pleasant’ (id., at 33 [emphasis added]). The utility of rehabilitation as a vehicle for preventing criminal behavior ‘rests upon the belief that human *457 behavior is the product of antecedent causes, that these causes can be identified, and that on this basis therapeutic measures can be employed to effect changes in the behavior of the person treated’ (id., at 33). The focus of rehabilitation is primarily on healing the individual. Indeed, when a criminal act stems from a substance abuse problem, the use of sentencing conditions as a tool of rehabilitation is especially meaningful, since there are specific therapeutic options that may well ameliorate the underlying condition and thereby remove the condition associated with the criminal behavior (see, e.g., People v Berkley, 152 AD2d 788).”
It is well recognized in this state that the “primary” objective of a probation sentence, though clearly a form of mild punishment,[14] is the rehabilitation of the defendant, in contrast to the function of a sentence of incarceration which is to punish and is intended to remove a defendant from society. This qualitative difference is of such substantive magnitude that the Constitution does not require that a defendant be given credit for a period of incarceration against a probationary sentence so as to defeat the purpose of probation to restore offenders to society and assist them to function productively.
In sentencing the defendant, this court was mindful of the “primary” objective of probation. The defendant is a troubled individual who admits to gun possession and has been previously involved in multi-state drug trafficking and needs supervision. According to the probation report, the defendant incurred no infractions while incarcerated, but was known to be affiliated with the “bloods” gang. Although while incarcerated the defendant earned a GED, his mother indicated to the Probation Department that the defendant has a history of mental health problems and needs the guiding hand of a male figure. The Probation Department recommended “counseling” for the defendant. This court deems the guiding hand of the New York State Department of Probation to be necessary to insure that the defendant does not further his narcotics habit, to prevent him from associating with persons who will improperly influence him and to insure that he gets proper counseling for his emotional and physical needs. A probationary sentence can only benefit the defendant in his future well-being.
Finally, it is also noted that the defendant may not be entitled to the full seven-year credit on any sentence imposed herein *458 since three of those years were served under a jail sentence under indictment No. 3338/97.[15]
Accordingly, the instant motion is denied on the ground that CPL 440.20 does not authorize the court to vacate a legal sentence.

. CPL 440.20.

. 307 AD2d 937 (2003).

. 100 NY2d 642 (2003).

. The court’s reasons for this sentence are set forth below.

. People v Corso, 40 NY2d 578, 580 (1976); People v Davis, 12 AD2d 237 (2004); People v Romain, 288 AD2d 242, 243 (2001); see also People v Vasquez, 88 NY2d 561, 580-581 (1996).

. See generally People v Moore, 61 NY2d 575 (1984).

. United States v Martin, 363 F3d 25, 37 (1st Cir 2004); United States v Carpenter, 320 F3d 334, 335 (2d Cir 2003); Kincaid v State, 778 NE2d 789, 790 (Ind 2002).

. See North Carolina v Pearce, 395 US 711 (1969), which, as the People argue, is inapposite to this case because in Pearce the issue concerned credit for incarceration against a new sentence of incarceration.

. See e.g., Crowley v London, 780 F2d 440, 444 (4th Cir 1985); Smith v United States, 603 F2d 722, 723 (8th Cir 1979); Russell v State, 676 So 2d 1026, 1027 (Fla 1996) (in which the Florida court held that probation is “not considered to be a sentence”).

. People v Feliciano, 1 AD3d 163, 163 (2003); People ex rel. Maye v Keating, 225 AD2d 836, 837 (1996).

. Matter of Travis S., 96 NY2d 818, 820 (2001).

. People v McNair, 87 NY2d 772 (1996).

. 86 NY2d 259, 264 (1995).

. Korematsu v United States, 319 US 432 (1943).

. Penal Law § 70.30 (3); Matter of Kalamis v Smith, 42 NY2d 191, 202-203 (1977).