THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HENRIQUES, Appellant. [828 NYS2d 86]—

Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 7, 2004, convicting him of criminally negligent homicide, upon a jury verdict, and sentencing him to five years probation, and (2), by permission, from an order of the same court dated January 5, 2005, which denied his motion pursuant to CPL 440.20 to vacate his sentence as violative of the constitutional provisions against double jeopardy.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed and substituting therefor a sentence of time served; as so modified, the judgment is affirmed; and it is further,

Ordered that the appeal from the order is dismissed as academic, in light of the determination on the appeal from the judgment.

When the defendant was 16 years old, he killed his girlfriend by shooting her in the face. After a trial, he was convicted of murder in the second degree based upon depraved indifference to human life and sentenced on December 1, 1997, to 23 years

to life in prison. At the same time, he pleaded guilty to a drug-related crime, and was sentenced to a three-year prison term, to run concurrently with the sentence imposed upon the murder conviction. On appeal, the murder conviction was reversed due to an error committed by the trial court in jury selection, and the matter was remitted for a second trial (*see People v Henriques,* 307 AD2d 937, 938 [2003]). After the second trial, the defendant was convicted of criminally negligent homicide, a class E felony for which the court may impose a maximum prison term of four years (*see* Penal Law § 70.00 [2], [3]), or, alternatively, a probationary sentence of five years with no prison term (*see* Penal Law § 65.00 [3] [a] [i]), or a probationary sentence of five years and a term of imprisonment of not more than six months, to run concurrently with the probationary sentence (*see* Penal Law § 60.01 [2] [d]).

By the time the second verdict was rendered, the defendant had served more than six years in prison. Nevertheless, the trial court sentenced the defendant to a five-year term of probation, and thereafter denied the defendant's motion to set aside the sentence as illegal, finding that the sentence was legally imposed and did not constitute multiple punishment since the primary purpose of probation is rehabilitation, not punishment (*see People v Henriques,* 7 Misc 3d 453 [2005]).

It is settled that the Double Jeopardy clause of the Fifth Amendment to the United States Constitution means that "no [person] can be twice lawfully punished for the same offence" (*North Carolina v Pearce,* 395 US 711, 717 [1969]). It affords "entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence" (*id.* at 717-718). Thus, when the legislature has authorized alternative punishments for a criminal offense, and a defendant has "fully performed, completed, and endured one of the alternative punishments which the law prescribed for that offence," the court thereafter has no further power to punish (*Ex Parte Lange,* 18 Wall [85 US] 163, 176 [1873]; *see also Jones v Thomas,* 491 US 376, 381 [1989]; *In re Bradley,* 318 US 50 [1943]).

The Supreme Court's suggestion that double jeopardy protection does not apply when a defendant is resentenced to probation for his own benefit ignores the nature of probation as an alternate criminal sanction and renders the constitutional protection against excessive punishment for the same offense meaningless. "Probation, like incarceration, is 'a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty' " (*Griffin v Wisconsin,* 483 US 868,

874 [1987], quoting G. Killinger, H. Kerper, & P. Cromwell, Probation and Parole in the Criminal Justice System 14 [1976]). Although a probationary sentence is intended to serve a primarily rehabilitative purpose, it involves a degree of restriction of the liberty of the defendant who is placed in the constructive custody of the court under supervision, and it is, by definition, a revocable sentence carrying the possibility that probation will be revoked and incarceration imposed (*see People v Hale,* 93 NY2d 454, 461 [1999]; *People v Rodney E.,* 77 NY2d 672, 674 [1991]). Thus, probation is "one point . . . on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service" (*Griffin v Wisconsin, supra* at 874; *see also Korematsu v United States,* 319 US 432, 435 [1943] ["a probation order is 'an authorized mode of mild and ambulatory punishment' " quoting *Cooper v United States,* 91 F2d 195, 199 (1937)]). Since the defendant had completed more than the maximum prison term prescribed for a class E felony following his first conviction, and had also served three years for the drug-related crime, the Supreme Court lacked power to impose any further or additional sentence, including probation, upon the defendant after his second conviction (*see United States v Martin,* 363 F3d 25 [2004]; *United States v Carpenter,* 320 F3d 334, 345 n 10 [2003]; *United States v Lominac,* 144 F3d 308 [1998]; *Kennick v Superior Ct. of State of Cal., Los Angeles County,* 736 F2d 1277 [1984]).

Accordingly, the sentence imposed is vacated and the defendant is sentenced to time served. Since the trial court has no power to impose any additional sentence, the matter need not be remitted for resentencing (*see People v Jackman,* 8 AD3d 678 [2004]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.