[868 NE2d 211, 836 NYS2d 531]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PERSON, Appellant.

Argued March 29, 2007; decided May 8, 2007

**APPEARANCES OF COUNSEL**

*Office of the Appellate Defender*, New York City (*Sara Gurwitch* and *Richard M. Greenberg* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Sheryl Feldman* and *Mark Dwyer* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant orchestrated a robbery that was perpetrated by two accomplices whose actions resulted in the death of the victim. After being apprehended by the police, the accomplices gave videotaped statements incriminating themselves but exculpating defendant of involvement in the crime. The accomplices later entered into cooperation agreements with the People and gave testimony at trial detailing defendant's role in planning the robbery.

During cross-examination of the accomplices, defense counsel used the transcripts of the videotaped interviews to impeach the credibility of the witnesses by questioning them about the prior inconsistent statements each had initially made to the police. Both accomplices acknowledged they made the prior inconsistent statements. Defense counsel then sought to introduce the videotaped interviews into evidence. Supreme Court denied the request because the accomplices admitted they made the statements on the videotapes. Defendant was subsequently convicted of multiple counts of robbery in the first and second degrees.

Before our Court, defendant asserts that preclusion of the videotaped statements was erroneous as a matter of law because Supreme Court failed to recognize that the jury could not reliably gauge the credibility of the witnesses without viewing their demeanor and hearing their voices during the police interviews. At trial, however, the crux of defendant's argument was that he should be able to use the videotapes, rather than the transcripts, to prove the content of the prior inconsistent statements. Defendant at that time failed to explain how the videotapes would have conveyed information beyond that provided by the verbatim transcripts of the statements. As a result, he did not preserve his current contention that Supreme Court had discretion to admit the videotapes because they were relevant to the jury's ability to reliably evaluate the credibility of the witnesses. We therefore have no occasion to consider whether the preclusion of this evidence constituted an abuse of discretion as a matter of law. Defendant's constitutional claims are similarly unpreserved.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.