■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORMOUTH CARLTON, Appellant. [926 NYS2d 161]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered January 7, 2009, convicting him of robbery in the first degree, assault in

the second degree (three counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the statements he made to police prior to being given *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntary and spontaneous and not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see Rhode Island v Innis*, 446 US 291, 300-301 [1980]; *People v Lanahan*, 55 NY2d 711, 713 [1981]; *People v Whaul*, 63 AD3d 1182 [2009]; *People v Isasi*, 265 AD2d 426 [1999]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Since the defendant was apprehended during the commission of the crime by three civilians and detained until the police arrived, the civilians' identification of him at the scene was not the result of a police-arranged confrontation (*see People v Samuels*, 162 AD2d 559 [1990]; *People v Medina*, 111 AD2d 190 [1985]). Moreover, the civilians' subsequent viewing of a photograph of the defendant was not impermissibly suggestive (*see People v James*, 138 AD2d 744 [1988]). Thus, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention raised in his pro se

supplemental brief is without merit. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.