THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant. [948 NYS2d 428]—

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The evidence presented at the suppression hearing established that the defendant's initial statement at the crime scene was made in response to a police officer's simple question, "what happened?", which was justified to clarify the nature of the situation confronting the officer (*see People v Santiago*, 77 AD3d 422 [2010]; *People v Taylor*, 57 AD3d 327, 328 [2008]; *People v Vasquez*, 2 AD3d 759 [2003]). Further, the statements made by the defendant in the booking

room at police headquarters were spontaneous and not triggered by police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see People v Oliver*, 87 AD3d 1035, 1036-1037 [2011]; *People v Carlton*, 85 AD3d 1196, 1197 [2011]; *People v Fernandes*, 62 AD3d 721 [2009]). Accordingly, neither the defendant's statements at the crime scene nor his statements in the booking room were the product of custodial interrogation improperly conducted without the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436, 444 [1966]). The hearing evidence also supports the County Court's determination that despite the fact that the defendant was suffering from a stab wound, his subsequent statements were voluntary because he was capable of, and did in fact, intelligently, knowingly, and voluntarily waive his *Miranda* rights (*see People v Legere*, 81 AD3d 746, 748 [2011]; *People v Timmons*, 54 AD3d 883, 885 [2008]; *People v Braithwaite*, 286 AD2d 507 [2001]; *People v Hughes*, 280 AD2d 694, 695 [2001]).

During voir dire, several prospective jurors raised their hands when defense counsel asked whether any of them would be unable to find the defendant not guilty if he did not testify. After conducting a follow-up inquiry of the entire panel, the County Court excused two prospective jurors who indicated that they would find it difficult not to hold the defendant's failure to testify against him. Although the County Court erred by failing to obtain individual, unequivocal assurances that each of the remaining prospective jurors who had raised their hands would be able to render a verdict based solely on the evidence adduced at trial (*see People v Kenner*, 8 AD3d 296, 297 [2004]; *People v Henriques*, 307 AD2d 937 [2003]), reversal is not required because defense counsel declined to exercise his available peremptory challenges against these prospective jurors, and did not exhaust his peremptory challenges prior to the completion of jury selection (*see* CPL 270.20 [2]; *People v Lynch*, 95 NY2d 243, 248-249 [2000]; *People v Arguinzoni*, 48 AD3d 1239, 1241 [2008]; *People v Libardi*, 12 AD3d 534, 535 [2004]; *People v Nelson*, 288 AD2d 329 [2001]).

Contrary to the defendant's contention, the Supreme Court properly admitted testimony from the victim's mother and sister regarding his prior physical assaults upon the victim, as the testimony was probative of the defendant's relationship with the victim and his intent to kill or injure her (*see People v Sanchez*, 73 AD3d 1093, 1094 [2010]; *People v James*, 19 AD3d 616 [2005]), and rebutted his defense of justification (*see People v Martinez*, 53 AD3d 508 [2008]; *People v Lawrence*, 4 AD3d 436 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.