# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1171**
**CA 15-00035**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ROBERT REED,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION AND CHRISTOPHER MOSS, CHEMUNG COUNTY
SHERIFF, RESPONDENTS-RESPONDENTS.
(APPEAL NO. 2.)

---

ROBERT REED, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENT-RESPONDENT ANTHONY ANNUCCI, ACTING
COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION.

BARCLAY DAMON, LLP, ELMIRA (MATTHEW J. ROSNO OF COUNSEL), FOR
RESPONDENT-RESPONDENT CHRISTOPHER MOSS, CHEMUNG COUNTY
SHERIFF.

---

Appeal from a judgment (denominated order) of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered November 17, 2014 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, an inmate in the custody of respondent New York State Department of Corrections and Community Supervision (DOCCS), commenced this CPLR article 78 proceeding challenging the computation of his sentence. Petitioner seeks, inter alia, exclusion of the sentence imposed by Niagara County Court upon his conviction of two counts of rape in the first degree (*People v Reed*, 212 AD2d 962, *lv denied* 86 NY2d 739), contending that he was erroneously sentenced for crimes of which he was allegedly acquitted. We agree with petitioner that Supreme Court erred in sua sponte joining the Chemung County Sheriff as a party without petitioner's consent (*see New Medico Assoc. v Empire Blue Cross & Blue Shield*, 267 AD2d 757, 758-759), and that the motion of DOCCS to dismiss the petition was untimely (*see* CPLR 2103 [b] [2]). We nevertheless conclude that the court properly considered the merits of the untimely motion (*see Mohen v Stepanov*, 59

AD3d 502, 504), and declined to grant petitioner relief based upon the failure of DOCCS to file its motion in a timely manner (*see Matter of Posada v New York State Dept. of Health*, 75 AD3d 880, 884, *lv denied* 15 NY3d 712).  The court also properly dismissed the petition.  "[A] proceeding pursuant to CPLR article 78 generally does not lie to review errors claimed to have occurred in a criminal proceeding or to challenge a judgment of conviction rendered by a criminal court" (*Matter of Garcha v City Ct. [City of Beacon]*, 39 AD3d 645, 646; *see Matter of Hennessy v Gorman*, 58 NY2d 806, 807).

Entered:  November 20, 2015                          Frances E. Cafarell
                                                      Clerk of the Court