People v Urena (2020 NY Slip Op 03073)





People v Urena


2020 NY Slip Op 03073


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


11567 1841/12

[*1]The People of the State of New York, Respondent,
v
Robert Urena, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered January 13, 2014, convicting defendant, after a jury trial, of murder in the second degree and gang assault in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
As the People concede, the trial court erroneously received a detective's opinion testimony that the object defendant appeared to be holding in surveillance videos was a knife. However, there is no reasonable probability that the error contributed to the verdict (see People v Crimmins, 36 NY2d 230 [1975]). The jurors, who were properly instructed about their role as triers of fact, were able to see and evaluate the videotapes for themselves. Furthermore, a cooperating accomplice's testimony, which was extensively corroborated, overwhelmingly demonstrated that it was defendant who stabbed the victim.
The court providently exercised its discretion in dismissing a juror as grossly unqualified (see generally CPL 270.35[1]; People v Buford, 69 NY2d 290, 299 [1987]). The totality of the record indicates either that the juror was asleep during parts of the trial, or that he was at least, in his own words, going "on and off" and missing some of the testimony (see People v Russell, 112 AD2d 451 [2d Dept 1985]).
The court providently exercised its discretion in denying defendant's request to introduce into evidence the prior inconsistent videotaped statement of the cooperating witness. The contents of the video statement were clearly brought out during recross-examination, and the witness admitted having made them, rendering introduction of the video unnecessary (see People v Person, 26 AD3d 292, 294 [1st Dept 2006], affd 8 NY3d 973 [2007]). Defendant's arguments on this issue are generally similar to arguments this Court rejected in Person, and we find no basis to revisit that decision.
To the extent that defendant objected to leading questions by the prosecutor, and to allegedly improper evidence of defendant's gang activity, we find nothing that was so egregious or prejudicial as to warrant reversal. By failing to object, by making generalized objections or objections that did not articulate the grounds asserted on appeal, or by failing to request further relief after the court took curative actions, defendant failed to preserve his remaining claims of prosecutorial error, and we decline to review them in the interest of justice. As an alternative holding, we find that the alleged misconduct, even viewed cumulatively, was not so prejudicial as to require a new trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 [*2]NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). To the extent there were improprieties, they were sufficiently addressed by the court's curative actions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK