People v Griffin
2026 NY Slip Op 04044
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Pare Griffin, Appellant.

Decided and Entered: June 25, 2026
Ind. No. 3442/17||Appeal No. 6965|Case No. 2019-03709|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

The Legal Aid Society, New York (Nicholas Justiz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Melissa C. Jackson, J. on severance motion; Ruth Pickholz, J. at trial and sentencing), rendered May 30, 2019, convicting defendant, after a jury trial, of three counts of predatory sexual assault and one count of strangulation in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The trial court did not abuse its discretion in declining to admit into evidence a written recantation statement made by the first complainant. The contents of the statement were clearly brought out during cross-examination and the witness largely admitted, and in any event did not deny, its contents. Admission of the proposed exhibit itself was thus unnecessary (People v Urena, 183 AD3d 534, 534-535 [1st Dept 2020], lv denied 35 NY3d 1071 [2020]; People v Person, 26 AD3d 292, 294 [1st Dept 2006], affd 8 NY3d 973 [2007]). At most the statement was cumulative to what the complainant had already testified to (see People v Ziegler, 78 AD3d 545, 546 [1st Dept 2010], lv denied 16 NY3d 838 [2011]), and any error was harmless.
Contrary to defendant's assertion, it was permissible for the prosecutor to elicit testimony from the first complainant that she lied when she first reported her assault to the police. This was not to discredit the witness but "to mitigate the more damaging effect it would have had if elicited on cross-examination by defense counsel, and to give the witness an opportunity to explain why she had previously lied" (People v Alcantara, 78 AD3d 721, 722 [2d Dept 2010], lv denied 16 NY3d 827 [2011]). The People thus did not impermissibly impeach their own witness in violation of CPL 60.35.
[*2]
Under the circumstances of this case, the court properly declined to sever the claims as to each complainant. Offenses are joinable even if based on different criminal transactions if proof of one offense would be material and admissible as evidence in chief upon a trial of the other offense, or the offenses are defined by the same or similar statutory provisions (CPL 200.20 [2] [b], [c]). Here, to find defendant guilty of predatory sexual assault (Penal Law § 130.95[2]), it was necessary for the jury to find that both complainants were assaulted as a necessary element of the offense. As a result, severance would have been improper, as there would have been no feasible way to separate the elements of predatory sexual assault into its component parts. Moreover, we find that the record reflects that the jury was well aware of the need to consider the two incidents separately to determine if defendant was guilty of each. Counsel, the People, and the court made clear to the prospective jurors during voir dire that the offenses were to be considered separately. Counsel also raised the issue during the People's summation. The jury charge likewise directed the jury that the prosecution had to prove that defendant committed two separate crimes. This was sufficient to "prevent the evidence from one incident from having any prejudicial effect with respect to the joined incident" (People v Mero, 43 NY3d 407, 414 [2024]).
Defendant's argument that the trial court violated his right to an impartial jury when it purportedly exposed the jury to impeachment evidence and excluded jurors who represented that they might not be able to be impartial with respect to the first complainant's testimony is unpreserved, and we decline to reach it in the interest of justice. As an alternate holding, we find that the prospective jurors who indicated that they might not be able to keep an open mind were properly excluded (see People v Greene, 290 AD2d 349, 349-350 [1st Dept 2002]). Defendant's statutory arguments regarding jury selection would likewise be unavailing, as the court is required to initiate juror examination by determining their qualifications, which includes whether a juror could be fair and impartial in a case (see People v Gayle, 238 AD2d 133, 133-134 [1st Dept 1997], lv denied 90 NY2d 893 [1997]).
[*3]
The trial court did not err in allowing the examining physician to testify to the second complainant's statements about the assault during the examination. When a patient provides information to a doctor to receive medical treatment, the doctor will generally be allowed to testify as to what the patient told them (People v Ortega, 15 NY3d 610, 617 [2010]). Statements made during a sexual assault examination are generally proper because they are relevant to medical diagnosis or treatment (see People v Rath, 192 AD3d 1600, 1601 [4th Dept 2021], lv denied 37 NY3d 959 [2021]; People v Blackman, 90 AD3d 1304, 1309 [3d Dept 2011], lv denied 19 NY3d 971 [2012]; People v Stalter, 77 AD3d 776, 777 [2d Dept 2010], lv denied 15 NY3d 956 [2010]). Here, although the complainant was not in acute distress, her description of the assault was relevant to diagnosis and treatment, and the doctor proscribed numerous medications to address medical conditions that could be caused by the assault. That there may have been an additional motive for the inquiry - forensics as well as treatment - does not change the analysis because the first duty of a doctor is for medical assistance (People v Duhs, 16 NY3d 405, 410 [2011]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026