**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————

No. 02-1181

CHARLES PALMER,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

———————

Before

Boudin, Chief Judge,

Campbell, Senior Circuit Judge,

and Lipez, Circuit Judge.

———————

Charles Palmer on brief pro se.
Thomas P. Colantuono, United States Attorney and Peter E. Papps, First Assistant U.S. Attorney, on brief for appellee.

———————

May 30, 2003

———————

**Per Curiam**. Charles Palmer was granted a certificate of appealability ("COA") by the district court to appeal from the denial of his § 2255 motion as to the following issue: "whether Counts I and IV were multiplicitous in violation of the Double Jeopardy Clause." Because this issue was presented for the first time in his § 2255 motion, it is procedurally defaulted. To overcome that procedural default, Palmer must establish cause and prejudice. <u>See</u> <u>Sustache-Rivera</u> v. <u>United States</u>, 221 F.3d 8, 17 (1st Cir. 2000). In an attempt to meet that standard, Palmer claims ineffective assistance of counsel by the attorney who represented him at trial and on appeal.

"[F]ailure to raise a well-established, straightforward and obvious double jeopardy claim constitutes ineffective performance" sufficient to excuse a procedural default. <u>Jackson</u> v. <u>Leonardo</u>, 162 F.3d 81, 85 (2d Cir. 1998). Here, however, the issue of whether the conduct charged in Counts Two and Four of Palmer's indictment constitutes a single conspiracy or two separate conspiracies seems a close question at best and not "clearly stronger than those [issues] presented" on appeal. <u>Smith</u> v. <u>Robbins</u>, 528 U.S. 259, 288 (2000).

"The Double Jeopardy Clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb. . . .' U.S. Const. amend. V. The Clause has three aspects: it shields a defendant from a second prosecution for the

-2-

same offense after either conviction or acquittal, and it also prohibits multiple punishments for the same offense." United States v. Morris, 99 F.3d 476, 478 (1st Cir. 1996). Here, Palmer invokes the Clause's protection against multiple punishments for the same offense. The parties agree that although Palmer received concurrent prison sentences on Counts One and Four, the $100 special assessments imposed for each count, pursuant to 18 U.S.C. § 3013, constitute multiple punishments. See Rutledge v. United States, 517 U.S. 292 (1996).

"In determining whether two charged conspiracies that allege violations of the same substantive statute are actually the same offense for double jeopardy purposes, we consider five factors: (a) the time during which the activities occurred; (b) the persons involved; (c) the places involved; (d) whether the same evidence was used to prove the two conspiracies; and (e) whether the same statutory provision was involved in both conspiracies." United States v. Gomez-Pabon, 911 F.2d 847, 860 (1st Cir. 1990).

As to three of these factors, Counts One and Four are identical: personnel, location and statutory provisions. Both counts charge that Palmer conspired with Curtin to rob Sell's Mobil Station in Nashua, New Hampshire, in violation of 18 U.S.C. § 1951. However, the time frame for the two counts and the evidence supporting them are distinct. Count One charges that the conspiracy occurred on February 4, 1998, while Count Four charges

that the conspiracy occurred on February 7, 1998. There is evidence from which two separate agreements to rob the same store on those two dates could be established.

"A single agreement to commit several crimes constitutes one conspiracy. By the same reasoning, multiple agreements to commit separate crimes constitute multiple conspiracies." United States v. Broce, 488 U.S. 563, 570-71 (1989). Palmer's indictment alleged multiple agreements to commit separate robberies. The evidence, including Palmer's confession, supports a finding that the agreement to rob Sell's Mobil Station on February 7, 1998, was separate from the agreement to rob the same location on February 4, 1998. The evidence about the co-conspirators' motives and circumstances could reasonably be interpreted to establish two separate agreements, each arising from an immediate need for drugs to support their addiction, rather than a single agreement, extending over several days, to rob a specific store. See United States v. Palmer 203 F.3d 55, 64 (1st Cir. 2000)(commenting that the co-conspirators "conspired to rob the stores to feed their habits. They did not follow normal patterns of behavior").

Counsel's failure to raise this doubtful double jeopardy claim, as Palmer requested, did not amount to deficient performance which, by a "reasonably probability," prevented Palmer from receiving "a fair trial, understood as a trial resulting in a verdict worthy of confidence." Prou, 199 F.3d at 49. We also note

-4-

that it is uncertain whether the prejudice claimed by Palmer (a $100 special assessment) would satisfy the applicable standard. <u>See</u> <u>Fields</u> v. <u>United States</u>, 201 F.3d 1025, 1029 (8th Cir. 2000).

Because Palmer is not entitled to collateral relief on the single issue for which a COA was granted, the district court's denial of Palmer's § 2255 motion is <u>affirmed</u>.