■ In the Matter of THOMAS HENDERSON, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [972 NYS2d 721]—

Rose, J.P. Appeal from a judgment of the Supreme Court (Breslin, J.), entered February 21, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision calculating petitioner's jail time credit.

On June 27, 2000, petitioner was sentenced to $2^{1}/_{2}$ years in prison after being convicted of assault in the second degree. Although required by statute, the sentencing court failed to impose a period of postrelease supervision (hereinafter PRS). However, the Department of Corrections and Community Supervision (hereinafter DOCCS) subsequently added a three-year period of PRS. Petitioner was released on PRS in June 2002. On August 13, 2002, he was arrested and remanded to the Rensselaer County Jail on charges of assault and unlawful imprisonment,* and a PRS violation warrant was lodged against him the next day. On November 7, 2002, while still in jail, petitioner was again arrested and this time charged with two counts of forgery in the second degree. He was discharged and released from jail on May 16, 2003 and thereafter returned to DOCCS custody on May 22, 2003 as a PRS violator. While in DOCCS custody, petitioner was convicted on the forgery charges and, on January 9, 2004, he was sentenced to an aggregate prison term of $3^{1}/_{2}$ to 7 years. Respondent Sheriff of Rensselaer County ultimately credited petitioner with 191 days of jail time on his 2004 forgery convictions, for the time period between November 7, 2002 and May 16, 2003.

---

* It appears that these charges were later dismissed.

In 2008, the Court of Appeals held that DOCCS lacked the authority to impose a statutorily-required period of PRS (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]). Petitioner was then resentenced on his 2000 conviction to the originally imposed sentence of 2½ years in prison, with no term of PRS, pursuant to Penal Law § 70.85. Petitioner thereafter requested that his 2004 forgery convictions be credited for the time period of May 22, 2003 to January 9, 2004, representing the time he served in state prison as a result of the PRS violation. DOCCS denied the request and petitioner commenced this proceeding, arguing that since the Court of Appeals eventually determined that DOCCS did not have the authority to impose the term of PRS, any violation of its conditions should be considered invalid and, therefore, his 2004 sentence on the forgery convictions should be credited for the time period spent in custody on the PRS violation. Supreme Court dismissed the petition, finding no authority to credit time spent in custody as a result of a prior conviction that did not culminate in a dismissal or an acquittal. Petitioner appeals.

We affirm. Pursuant to Penal Law § 70.30 (3), the term of a sentence "shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." Here, petitioner was discharged and released from custody in the Rensselaer County Jail on the forgery charges in May 2003 and returned to the custody of DOCCS pursuant to the PRS violation stemming from his 2000 conviction. Accordingly, petitioner was not in custody "as a result of" the forgery charges during the time for which he seeks a credit and, therefore, he is not entitled to a credit on his 2004 conviction for that time. Moreover, although the PRS was determined to have been improperly imposed pursuant to *Matter of Garner*, that nullification of the PRS does not constitute "a dismissal or an acquittal" of petitioner's 2000 charges within the meaning of Penal Law § 70.30 (3) (*see generally Matter of Jeffrey v Ward*, 44 NY2d 812, 814 [1978]).

Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

