*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 12, 2015                    520331
_____

In the Matter of JONATHAN
    HURLEY,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

RHONDA FOX, as Inmate Records
    Coordinator, Woodbourne
    Correctional Facility,
    et al.,
                        Respondents.
_____

Calendar Date:   September 22, 2015

Before:   Garry, J.P., Egan Jr., Devine and Clark, JJ.

                    _____

        Jonathan Hurley, Woodbourne, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for Rhonda Fox, respondent.

        Zachary W. Carter, Corporation Counsel, New York City
(Drake Colley of counsel), for New York City Department of
Corrections, respondent.

                    _____

        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered December 3, 2014 in Sullivan County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision calculating his jail time
credit.

        In 1995, petitioner was sentenced to a prison term of 4 to
12 years following his conviction of attempted murder in the

second degree.  After being received into the custody of the Department of Corrections and Community Supervision, 641 days of jail time credit was certified for the period that petitioner was in local custody from April 9, 1994 to January 9, 1996 and credited toward his 1995 sentence.  Thereafter, while on conditional release to parole supervision in 2002, petitioner was linked to various felonies committed in 1993 and arrested. Following his conviction of multiple felonies stemming from the 1993 incidents, petitioner was sentenced in 2004 to an aggregate prison term of 13 to 39 years.  Petitioner commenced this CPLR article 78 proceeding challenging, as is relevant to this appeal, the Department's sentencing computation that failed to apply 641 days of jail time credit toward his 2004 sentence for time spent in local custody in 1994 through 1996 while awaiting his 1995 sentencing.  Supreme Court dismissed the petition and this appeal ensued.

We affirm.  Penal Law § 70.30 (3) provides that a person shall receive jail time credit for time spent "in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence" and shall be calculated "from the date custody under the charge commenced to the date the sentence commences."  Here, petitioner was not in custody from 1994 through 1996 as a result of the charges that culminated in his 2004 sentence, as he was not charged with those crimes until 2002.  As such, he is not entitled to credit for that period toward the 2004 sentence (see Matter of Henderson v Fischer, 110 AD3d 1131, 1132 [2013], lv denied 22 NY3d 857 [2013]). Furthermore, we are unpersuaded by petitioner's assertion that Matter of Sparago v New York State Bd. of Parole (132 AD2d 881 [1987], mod 71 NY2d 943 [1988]) compels a contrary conclusion, as that case is factually distinguishable from the instant case. Accordingly, Supreme Court properly dismissed the petition.

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court