*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016                521756
_____

In the Matter of FEDERICO
    ORTIZ,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____


Calendar Date:   September 7, 2016

Before:   Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____


        Robert S. Dean, Center for Appellate Litigation, New York
City (Mark W. Zeno of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered September 4, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to compel the Department of Corrections and Community
Supervision to credit petitioner for jail time served on a
previously imposed sentence.

        On November 8, 2000, petitioner was sentenced to 3½ years
in prison after being convicted of attempted robbery.  Although
required by statute, the sentencing court failed to impose a
period of postrelease supervision (hereinafter PRS) (see Penal

Law § 70.45).  Petitioner began serving that sentence on November 27, 2000, at which time the Department of Corrections and Community Supervision (hereinafter DOCCS) assessed petitioner a five-year term of PRS and credited him with 106 days of jail time already served.  On August 8, 2003, petitioner was conditionally released on PRS but was declared delinquent soon thereafter.  In January 2004, he was returned to the custody of DOCCS on a PRS violation and credited with 147 days of jail time served from August 26, 2003 to January 9, 2004.  On May 11, 2004, petitioner was again conditionally released on PRS but declared delinquent on June 25, 2006 after committing attempted murder in the second degree.  Upon being convicted of that crime, petitioner was sentenced on June 14, 2007 to a prison term of 13 years followed by five years of PRS and he was received into custody by DOCCS, at which time he was credited with 394 days of jail time served from June 26, 2006 to July 24, 2007.  Because the 2007 sentence was deemed to have run concurrently with the undischarged 2000 sentence (see Penal Law § 70.25 [1] [a]), DOCCS credited petitioner's 13-year prison sentence with three years and two days of jail time served, which was the amount of time that petitioner had served on the 2000 sentence and the PRS violations (see Penal Law § 70.30 [1] [a]).

In 2011, after the Court of Appeals held that DOCCS lacked the authority to impose a statutorily-required period of PRS (see Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358, 362-363 [2008]), petitioner was resentenced for his 2000 conviction of attempted robbery and received the same sentence of 3½ years in prison without any term of PRS (see Penal Law § 70.85; Correction Law § 601-d).  As a result, the sentencing court nullified the PRS assessed by DOCCS in November 2000 and expunged petitioner's PRS violations, resulting in a maximum expiration date of petitioner's 2000 sentence as February 10, 2004 and a recalculation of his 2007 sentence without the benefit of any time that he had served in custody for the earlier 2000 sentence.  Petitioner thereafter requested that his 2007 sentence be credited for such time, and, after receiving no response from DOCCS, petitioner commenced this proceeding seeking to compel DOCCS to recalculate and credit his 2007 sentence with the time served on the 2000 sentence.  Supreme Court dismissed the petition, finding no authority to credit time spent in

custody as a result of a prior conviction that did not culminate in a dismissal or an acquittal, and petitioner now appeals.

We affirm. Penal Law § 70.30 (3) provides, in relevant part, that a person shall receive jail time credit for time spent "in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence," and that credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of [PRS]." Here, upon being resentenced in 2011, without any term of PRS, for his 2000 attempted robbery conviction, petitioner's maximum expiration date for his 2000 sentence was February 10, 2004. Thus, because the 2000 sentence and 2007 sentence could not then have run concurrently, petitioner is not entitled to receive any jail time credit served for the 2000 sentence under Penal Law § 70.30 (1) (a). Nor is any of the jail time for which petitioner seeks credit the result of the same attempted murder charge that culminated in the 2007 sentence (see Penal Law § 70.30 [3]; Matter of Hurley v Fox, 133 AD3d 997, 998 [2015]; Matter of Henderson v Fischer, 110 AD3d 1131, 1132 [2013], lv denied 22 NY3d 857 [2013]). Moreover, "nullification of the PRS does not constitute 'a dismissal or an acquittal' of petitioner's 2000 charge[] within the meaning of Penal Law § 70.30 (3)" (Matter of Henderson v Fischer, 110 AD3d at 1132; see generally Matter of Jeffrey v Ward, 44 NY2d 812, 814 [1978]).

Furthermore, we are unpersuaded by petitioner's contention that removal of jail time credit on the 2007 sentence for time served on the 2000 sentence constituted multiple punishments for the same offense and therefore violated principles of double jeopardy (see US Const 5th Amend; CPL 40.20 [1]; People v Brinson, 21 NY3d 490, 494 [2013]). In this context, "this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense" (North Carolina v Pearce, 395 US 711, 718 [1969]; see Penal Law § 70.30 [5]). The removal of jail time credit for the time that petitioner served on the 2000 sentence cannot constitute another punishment for the 2007 sentence because the sentences did not arise from the same offense or charges. Accordingly, we find that the calculation of petitioner's jail time credit was proper

under the circumstances of this case.

McCarthy, Garry, Rose and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court