People v Jones (2019 NY Slip Op 02586)





People v Jones


2019 NY Slip Op 02586


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

109107

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDREW JONES, Appellant.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Kelly L. Egan, Rensselaer, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered May 27, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered January 18, 2017 in Albany County, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.
In 2001, defendant was convicted by jury verdict of assault in the second degree, as charged in a single-count indictment, and sentenced to a prison term of seven years, followed by five years of postrelease supervision. Defendant timely filed a notice of appeal from the judgment of conviction, but, for reasons unknown to this Court, he did not perfect his appeal until June 2015. This Court ultimately decided defendant's appeal in February 2016 and, finding that County Court erroneously denied defendant's Batson challenge to a prospective juror, reversed the judgment of conviction and remitted the matter for further proceedings (136 AD3d 1153 [2006], lv dismissed 27 NY3d 1000 [2016]). Upon remittal, defendant pleaded guilty to assault in the second degree and waived his right to appeal in exchange for a prison term of five years, followed by five years of postrelease supervision, with such sentence to run concurrently with a 2003 conviction for murder in the second degree. Defendant was sentenced, as a second violent felony offender, in accordance with the plea agreement. Thereafter, defendant moved, pursuant to CPL 440.10 and 440.20, to vacate the judgment of conviction and set aside his sentence. Supreme Court denied that motion without a hearing, and defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.
Defendant argues that his trial counsel was ineffective for failing to recognize that, at the time of remittal, he had already served the maximum prison sentence that could be imposed upon him as a second violent felony offender for assault in the second degree (see Penal Law § 70.04 [3] [c]) and, consequently, that principles of double jeopardy prohibited the imposition of [*2]any sentence that included additional prison time. Inasmuch as this claim of ineffective assistance of counsel impacts upon the voluntariness of defendant's guilty plea, it survives defendant's valid waiver of appeal (see People v Marshall, 66 AD3d 1115, 1116 [2009]; People v Charlotten, 44 AD3d 1097, 1099 [2007]; People v Baldwin, 36 AD3d 1024, 1024 [2007]).
Turning to the merits, the Double Jeopardy Clauses of the NY and US Constitutions prohibit, among other things, the imposition of multiple punishments for the same offense (see US Const 5th Amend; NY Const, art I, § 6; North Carolina v Pearce, 395 US 711, 717 [1969]; People v Gause, 19 NY3d 390, 395 [2012]; People v Vasquez, 89 NY2d 521, 527 [1997], cert denied 522 US 846 [1997]). The constitutional prohibition against multiple punishments serves "to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government," which holds "the substantive power to define crimes and prescribe punishments" (Jones v Thomas, 491 US 376, 381 [1989]; see generally Missouri v Hunter, 459 US 359, 366-367 [1983]; People v Gonzalez, 99 NY2d 76, 82 [2002]). In keeping with that purpose, "any punishment already exacted" upon a defendant who succeeded in overturning his or her conviction and was subsequently convicted for the same offense "must be fully 'credited'" toward the sentence imposed upon the new conviction (North Carolina v Pearce, 395 US at 718-720; see Jones v Thomas, 491 US at 382; United States v Carpenter, 320 F3d 334, 345 n 10 [2003]; Matter of Ortiz v Annucci, 143 AD3d 1209, 1211 [2016], appeal dismissed 28 NY3d 1167 [2017]).
At the time of remittal, it was clear that, more than 15 years earlier, defendant had been sentenced to seven years in prison for his conviction of assault in the second degree, which was the maximum permissible sentence for a second violent felony offender convicted of that crime (see Penal Law § 70.04 [3] [c]). It was also clear that his assault conviction had been overturned on appeal. These facts and circumstances alone would have alerted a reasonably competent attorney to the possibility that any subsequent sentence that included additional prison time might violate the constitutional prohibition against multiple punishments and, by extension, prompted an inquiry into the amount of time that defendant had already served in prison on his 2001 assault conviction. It is evident from the record that defense counsel did not recognize or investigate the obvious potential double jeopardy concern at the time of remittal for, if she had, she would have determined — as the People concede — that defendant had already served the maximum permissible prison term for assault in the second degree and, therefore, could be sentenced only to time served (see People v Henriques, 35 AD3d 502, 503-504 [2006]; see generally Jones v Thomas, 491 US at 382; North Carolina v Pearce, 395 US at 718-719). Significantly, the information needed to reach such a conclusion was readily available in defendant's motion to reargue this Court's 2016 decision of his prior appeal, in which defendant demonstrated that, in the 15 years since his 2001 assault conviction, he had "served his full sentence." In our view, defense counsel's failure to recognize and advise defendant that double jeopardy principles prohibited the imposition of any additional prison time on the pending assault charge, as was included in the negotiated plea agreement and ultimately imposed at sentencing, constituted ineffective assistance of counsel (see Jackson v Leonardo, 162 F3d 81, 85-86 [1998]; compare Palmer v United States, 66 Fed Appx 224, 225-226 [2003]). Given the reasonable probability that, but for defense counsel's errors, defendant would not have pleaded guilty (see generally People v Ghingoree, 166 AD3d 799, 800-801 [2018]; People v Charlotten, 51 AD3d 1063, 1064 [2008]), defendant's guilty plea must be vacated and the matter remitted for further proceedings.
Defendant's remaining arguments on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL article 440 motion, have been rendered academic by our decision.
Egan Jr., J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order is dismissed, as academic.